ROBERT J. FILTEAU, ESQ.
Filteau & Sullivan, P.C.
1634 Columbia St.
Houston, TX 77008
Tel. No.: (713) 236-1400
Fax No.: (713) 236-1706

DAVID G. BANES, ESQ.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Bldg.
P. O. Box 501969
Saipan, MP 96950
Tel. No.: (670) 234-5684
Fax No.: (670) 234-5683

Attorneys for Defendant Todd Keith Johnson

FILED
Clerk
District Court

JAN 1 3 2006

For The Northern Mariana Islands
By_____
           (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALAN STUART MARKOFF, D.D.S. dba TOOTHWORKS and OPEN CHOICE,<br><br>Plaintiff,<br><br>vs.<br><br>TODD KEITH JOHNSON, D.D.S.,<br><br>Defendant. | CIVIL ACTION. NO: 05-0035<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION<br><br>Date : Munson, Chief Judge<br>Time : FEB 1 6 2006<br>Judge: 9:00 am |

**COMES NOW** Defendant Todd Keith Johnson, D.D.S. ("Dr. Johnson"), by and through counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to submit the following Motion to Dismiss Plaintiff's Second Cause of Action, entitled "Fraud and Misrepresentation."

## INTRODUCTION

This Court should dismiss Plaintiff's cause of action claiming fraud and misrepresentation as he has failed to plead these claims with sufficient particularity as required under the Federal Rules of Civil Procedure. To have done so, Plaintiff would have first had to specifically identify the time, place and content of the allegedly fraudulent acts. Secondly, Plaintiff would have had to specifically identify why the acts complained of were fraudulent. Designed to eliminate frivolous claims of fraud *prior* to the initiation of discovery, Rule 9(b) sets much more exacting pleading standards than the normal standard for notice pleading found elsewhere in the Federal Rules of Civil Procedure.

## ARGUMENT

Plaintiff has failed to plead with particularity either the first or the second set of required facts. Without such factual specificity, Plaintiff's claim of fraud has not met the minimum requirements to state a cause of action and should be dismissed under Rule 12(b)(6) for failing to state a cause of action upon which relief may be granted. Therefore, this Court should Grant Plaintiff's Motion and dismiss Plaintiff's Second Cause of Action.

### I. The Standard Of Review For 12(b)(6) Dismissal Is Clear.

Defendant moves to dismiss Plaintiffs claim for fraud under Fed.R.Civ.P. 12(b)(6) as Plaintiff has failed to state a claim on which relief can be granted. Actions are subject to dismissal under Rule 12(b)(6) when Plaintiff's factual allegations, accepted as true, are insufficient to state a claim on which relief can be granted. *Leatherman v. Tarrant County Narcotics Intelligence & Cordination Unit*, 507 U.S. 163, 164 (1993). Additionally, for the purposes of alleging fraud, Rule

9(b) imposes a higher burden of specifically alleging the facts which will prove the elements of fraud.

In reviewing a Fed.R.Civ.P. 12(b)(6) motion to dismiss, the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir.1996). However, **the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.** *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). Nor is the court "required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998); *see also Miranda v. Clark County, Nev.*, 279 F.3d 1102, 1106 (9th Cir.2002) ( "[C]onclusory allegations of law and unwarranted inferences will not defeat a motion to dismiss for failure to state a claim."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 987 (9th Cir., 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." ), *as amended by*, 275 F.3d 1187 (9th Cir.2001); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988). (*McGlinchy* held that "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.").

Here, as Plaintiff's second cause of action fails to satisfy the stringent requirements of Rule 9(b) of the Federal Rules of Civil Procedure, it fails to state a cause of action upon which relief can be granted and so must be dismissed under Rule 12(b)(6).

II. **Rule 9(b) Requires (And Plaintiff Fails) To Plead Fraud With Heightened Particularity.**

Claims involving fraud must be plead with particularity far beyond the standard that other claims need meet to survive a Rule 12(b) challenge. Federal Rule of Civil Procedure 9(b) States:

> (b) Fraud, Mistake, Condition of the Mind. ***In all Averments of fraud or mistake, the circumstances constituting fraud and mistake shall be stated with particularity***. Malice, intent, knowledge and other conditions of mind of person may be averred generally.

(emphasis added).

Rule 9(b), exists "'to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed" and to protect against frivolous lawsuits. *U.S. ex rel. Bagley v. TRW*, Inc., 212 F.R.D. 554 (C.D.Cal., 2003). Consistent with these purposes, Rule 9(b) requires that the "circumstances constituting fraud" be plead with particularity. Fed.R.Civ.P. 9(b). Under Rule 9(b), a party claiming fraud may plead scienter generally, but must specifically plead two items; the "time, place, and content" of the alleged misrepresentation; and "an explanation" as to why the statement was false or misleading. *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48 (9th Cir.1994) (a portion of the *Glenfed* decision was subsequently superceded by statute, but as recognized in *Smith v. Allstate Insurance Co.*, 160 F.Supp.2d 1150, 1152-11153 (S.D. Ca. 2001) the portion that addressed Rule 9(b) pleading requirements for fraud is still controlling law in the 9th Circuit).

Plaintiff does not meet either of the two elements necessary to adequately plead fraud.

A. **Plaintiff Does Not Specifically Allege The Time, Place And Content Of The Alleged Fraud.**

Dismissal under Fed.R.Civ.P. 9(b) is appropriate when time, place and content are not stated because without such a specific identification, the party answering such allegations cannot identify the statement in order to meaningfully respond to it. *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48 (9th Cir.1994). *See also Smith v. Allstate Insurance Co.*, 160 F.Supp.2d 1150, 1152-11153 (S.D. Ca. 2001).

While there is some general mention of time in this allegation,[1] Rule 9(b) requires a more specific temporal identification. Simply providing a vague description of when a particular allegedly fraudulent statement was made does not "make the grade" with regard to the heightened pleading requirements of Rule 9(b). *U.S. Concord Inc. v. Harris Graphics Corp.*, 757 F.Supp. 1053, 1057 (N.D. Cal. 1991) (where dismissal for want to plead with particularity was granted in part because allegations as to the time of the fraud were limited to "[d]uring the course of discussions in 1986 and 1987," "in or about May through December 1987" and "May 1987 and thereafter.") Here, Plaintiff is just as vague as to when the alleged fraudulent misrepresentations took place. Plaintiff makes no more definite statement of time than "[a]t the time when Plaintiff and Defendant were negotiating for the sale of Defendant's dental practice . . ." Plaintiff's Complaint at paragraph 3. As in *U.S. Concord Inc.*, the Plaintiff here does not specify when the allegedly fraudulent acts took place with sufficient particularity to satisfy Rule 9(b).

---

[1] For example, *See* Plaintiff's Complaint at paragraph 13.

Additionally, there is absolutely no mention of the location at which these allegedly fraudulent acts took place. Some mention of the location of the alleged fraudulent conduct (along with the time and content of such conduct) will allow a responding party to meaningfully answer to such claims. *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48. Here, there is no mention of any location where any alleged fraud took place. The closest Plaintiff comes to identifying the location of this alleged fraud is the vague identification of "documentation and statements," "documentation" and "Defendant's records." Plaintiff's Complaint at paragraphs 13-14, 19. Plaintiff does not provide copies of any of these documents, does not name them specifically or do anything else to specifically identify the location of the alleged fraud.

Furthermore, and in the same manner as his allegations as to the time and place of the alleged fraud, Plaintiff fails to specifically identify the content of the alleged fraudulent communications. Again, in order to identify fraud with enough particularity that a defendant may answer it meaningfully, the content of such fraudulent statements must also be disclosed (with particularity) by the party claiming such fraud. *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-48. In the *Smith* matter, the plaintiffs alleged that an insurance company defrauded them by writing a policy that it never intended to honor. *Smith v. Allstate Insurance Co.*, 160 F.Supp.2d 1150, 1152-11153 (S.D. Ca. 2001). There, the *Smith* Court held that neither the subsequent breach of the insurance contract by the insurance company, nor their assurances of quality service prior to the signing of the contract constituted a specific enough description of the contents of the alleged fraud to satisfy Rule 9(b). *Id* at 1153-1154. Here, the only description as to the "content" of the fraud is that "[t]hese documentation (sic) included a history of deposits made by customers to [Dr. Johnson's] dental practice and other corporate records." Plaintiff's Complaint at paragraph 14.

While this generally describes the content of this alleged misrepresentations, it leaves the door open that many more such misrepresentations exist in the "other corporate records," rendering a meaningful response as to specific instances of alleged fraud impossible.

Having so vaguely described the nature of his claim, Plaintiff fails to clear the first hurdle set before him by Rule 9(b) and this, in and of itself, is enough to warrant dismissal of his claim for fraud. However, Plaintiff also fails to allege why the statements made by Dr. Johnson were untrue.

### B.  Plaintiff Does Not Specifically Allege Why The Alleged Fraud Was False Or Misleading.

In pleading fraud, a plaintiff must set forth what is false or misleading about a statement, and why it is false. *In re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir.1994). In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. *Id.* A plaintiff cannot only identify the time and place of a fraudulent statement. To allege the former and not the latter will not satisfy Rule 9(b). *Id.*

Plaintiff only alleges that "statements made by Defendant were false and the documents provided did not accurately reflect the deposits made by patients and customers. The amount stated in the consolidated deposits was overstated by approximately 25%." Plaintiff's Complaint at Paragraph 16. Then, Plaintiff vaguely hints at some subsequent proof of fraud in that "[t]hrough an examination of Defendant's records by an accountant[2], Plaintiff has learned that accepted accounting

---

[2] In addition, there is nothing but the bald assertion of the Plaintiff to support that any such examination was conducted and/or that any such opinion was formed by any qualified accounting professional. There is no sworn statement by any accountant. There is no affidavit attesting to any opinions. There is, again, simply the conclusory statement that something was done and that Dr. Johnson did something wrong. This does not satisfy Rule 9(b).

7

principles were not followed and that the contents of the financial information did not accurately reflect the financial affairs of the business." This second requirement of Rule 9(b), however, "preclude[s] plaintiff from simply pointing to a defendant's statement, noting that the content of the statement conflicts with the current state of affairs, and then concluding that the statement in question *was false when made* (emphasis added)." Smith v. Allstate Insurance Co., 160 F.Supp.2d 1150, 11153 (S.D. Ca. 2001). Plaintiff alleges no specific reason as to why the allegedly fraudulent statements were false. All he des is conclude that Dr. Johnson defrauded him.

Plaintiff then, has also failed to meet the second criteria of Rule 9(b) in relation to pleading fraud with specificity. Since both requirements are necessary, the failure to meet this second also makes dismissal of the claim for fraud proper under Rule 12(b).

## CONCLUSION

Here, Plaintiff has done nothing more than make vague statements in an attempt to meet the heightened pleading requirements of Rule 9(b). Bolstered with conclusory legal statements, these vague allegations may sound impressive, but do not aver the specific facts necessary to maintain a cause of action for fraud. For these reasons, Plaintiff's complaint alleging fraud and misrepresentation must be dismissed.

| | |
|---|---|
| Dated this 16th day of January, 2006. | Respectfully submitted, |
| | O'CONNOR BERMAN DOTTS & BANES<br>Attorneys for Defendant Todd K. Johnson |
| | By: _____<br>DAVID G. BANES. |

060112-PL-Memo(Dismiss)-glh