ERIC S. SMITH, Bar No. F 0157
SMITH & WILLIAMS
Attorneys at Law
P.O. Box 5133 CHRB
Saipan MP 96950
Tel:    233-3334
Fax:   233-3336

Attorneys for Plaintiff

FILED
Clerk
District Court

FEB -2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALAN STUART MARKOFF, D.D.S. dba TOOTHWORKS and OPEN CHOICE,<br><br>Plaintiff,<br><br>vs.<br><br>TODD KEITH JOHNSON, D.D.S.<br><br>Defendant. | CIVIL ACTION NO. CV-05-0035<br><br>RESPONSE TO MOTION TO DISMISS SECOND CAUSE OF ACTION<br><br>Date: Feb 16, 2006<br>Time: 9:00 a.m |

### FRAUD ELEMENTS DETERMINED BY STATE LAW

1.   In diversity cases in which the cause of action is fraud, the substantive elements of fraud are determined by state law, but these elements must be pled in accordance with the federal procedural rules requiring circumstances of fraud to be pled with particularity. *Smith v. Allstate Insurance Company,* 160 F.Supp. 2d 1150 (S.D. Calif 2001).

2.   Under CNMI law, a cause of action for fraud requires the plaintiff to establish a fraudulent misrepresentation of fact made by a defendant for the purpose of inducing the plaintiff to act in reliance on the representation and such reliance by the plaintiff was justifiable which resulted in damages to the plaintiff. *Ada v. Sadhwani, Inc.* 3 N.M.I 303 (1992); *Restatement of the Law Second, Torts (2nd)* § 525. These are the state law elements for fraud.

**PLEADING SPECIFICITY REQUIRED BY FRCP**

3. Under the Federal Rules of Civil Procedure, a plaintiff is only required to file a plain and short statement of the claim showing that he is entitled to relief. FRCP, Rule 8. However, for claims involving fraud, FRCP Rule 9(b) imposes on the plaintiff additional pleading requirements. Under FRCP Rule 9(b), in all averments of fraud, the circumstances constituting fraud are to be stated with particularity. FRCP Rule 8(a) only requires the pleader to provide a short plain statement of the claim for relief. It is FRCP Rule 9(b) that requires particularity in pleading in the circumstances of fraud. But FRCP Rule 9(b) does not require absolute particularity, or a recital of the evidence, and it must be read in harmony with the FRCP Rule 8 requirement of a short plain statement. *Michaels Building Company v. Ameritrust Co. N.A.*, 848 F.2d 674 (6th Cir 1988).

4. FRCP Rule 9 (b) does not require any particularity in connection with an averment of intent, knowledge or condition of the mind. It does not require the pleading of detailed evidentiary matter. FRCP Rule 9 only requires the identification of the circumstances constituting the fraud so that the defendant can prepare an adequate answer to the allegations. *Walling v. Beverly Enterprises*, 476 F.2d 393 (9th Cir. 1973); *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1556 (9th Cir. 1994).

5. To meet the specific requirement of FRCP Rule 9, a plaintiff must set forth more than mere neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement and why it is false. *Hearn v. R.J. Reynolds Tobacco Co.*, 279 F.Supp.2d 1096 (D. Ariz. 2003). Stating what is false and why it is false ensures that the defendant has sufficient information to formulate a defense by providing adequate notice of both the nature and grounds of the claim. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir 1999).

6. The reasoning of FRCP Rule 9 requiring more particularity in the allegations of a claim for fraud is to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect defendants from the harm that comes from being subject to fraud charges, and to prohibit plaintiff from unilaterally imposing upon the court, the parties, and

society the enormous social and economic costs that would be borne by all absent some factual basis. *Bly-Magee v. State of California,* 236 F.3d 1014 (9th Cir 2001).

## COMPLAINT HAS ADEQUATE ALLEGATION OF FRAUD TO PERMIT DEFENDANT TO FORMULATE A DEFENSE AND APPROPRIATELY RESPOND

7. The motion to dismiss states that the Complaint is defective because it fails to identify the time, place, and content of the alleged misrepresentation and it fails to explain why the statement was false or misleading. Plaintiff's position is that the Complaint adequately gives sufficient notice of those elements. Defendant can prepare an adequate answer to the allegations without additional evidentiary facts being provided as to time, place, and content and further evidence why the statement was false.

8. The sufficiency of a particular fraud pleading under FRCP Rule 9(b) depends on a number of variables and on the context in which the fraud is alleged to have occurred. The sufficiency of the pleading also depends upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party to enable him to prepare a responsive pleading. *Payne v. United States,* 247 F.2d 481 (8th Cir. 1957); *U.S. ex rel. O'Keefe v. McDonnell Douglas Corp.,* 918 F.Supp. 1338 (E.D. Mo. 1996). The allegations must be specific enough to give defendant notice of the particular misconduct which is alleged to constitute the fraud so that he can defend against the charge and not just deny that he has done anything wrong. *Semegen v. Weidner,* 780 F.2d 727 (9th Cir. 1985); *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir 2003)

9. The particularity requirement is satisfied if the pleading identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531 (9th Cir. 1989); *Bankers Trust Co. v. Old Republic Insurance Co.,* 959 F.2d 677 (7th Cir. 1992).

10. The Complaint alleges that only two individuals were involved in the negotiations, purchase, and sale of Toothworks and Open Choice – two dentists – Plaintiff

1  Dr. Alan Markoff and Defendant Dr. Todd Johnson. The fact that only two people were
2  involved each with complete knowledge of what was said and when, should reduce the need
3  for more circumstantial detail to be plead. This is not a securities fraud case involving many
4  plaintiffs and many defendants. It is a relative simple purchase of a sole proprietor owned
5  business. The reasoning found in *Payne, supra,* is applicable here. The allegations are
6  specific enough to give Defendant notice of the particular misconduct of the fraud so that he
7  can defend against the charge.
8
9  **<u>Time and Place of Misrepresentation</u>**
10  11.  FRCP Rule 9(f) does not require the pleader to set out specific allegations of
11  time and place. It merely states the significance of these allegations when a pleader actually
12  interposes them in the complaint. If the defendant has adequate notice of the claim the
13  plaintiff is not required to plead with specificity the dates of certain transactions.
14  *Egghead.com. Inc. v. Brookhaven Capital Management Co. Ltd.* 194 F.Supp.2d 232 (D.C.
15  N.Y. 2002). Whether or not a specific allegation of time and place in the pleading is required
16  is determined by the substantive nature of the lawsuit, and the general FRCP Rules of
17  pleading. For example, if the alleged fraudulent statements spans many years, a more
18  definite statement regarding time and place may be required. *Bankest Imports, Inc. v. ISCA
19  Corporation,* 717 F.Supp. 1537 (DC Fla 1989). *See, Steward Coach Indus, Inc. v. Moore,*
20  512 F. Supp. 879 (D.C. Ohio 1981) (when the complaint indicates that the alleged fraud
21  occurred at a remote time such that it ordinarily would be barred by the statue limitations,
22  it becomes the duty of the plaintiff who seeks to rely on the extension of the statutory period
23  because of the delayed discovery of the fraud to plead the date of discovery affirmatively and
24  particularly as a material averment.). *Loughman v. Pitz,* 29 F.Supp. 882 (D.C. N.Y. 1939)
25  (in a suit against the directors of a bank for the alleged mishandling of funds, a specific
26  statement of the time when this misconduct occurred was required in order to show that it
27  coincided with the defendants' term of office.).
28

12.     The period of time during which these two dentists negotiated the purchase is best-known only two these two individuals. It is fully known to the Defendant. The complaint avers that "[a]t the time when Plaintiff and Defendant were negotiating for the sale of Defendant's dental practice, Defendant showed Plaintiff documentation and statements which defendant represented as accurate." *Complaint ¶ 13*. The precise dates when these documents of the history of the bank account deposits were shown to Plaintiff and Plaintiff made statements of their accuracy is not known. But these events occurred during the time period of negotiations for the sale of the businesses.

13.     The Complaint further alleges "These documentation included history of deposits made by customers to Defendant's dental practice and other corporate records." *Complaint ¶ 14*. The precise time when these documents were presented to Plaintiff by Defendant is likewise unknown. However, like the statement of their accuracy made by Defendant to Plaintiff, was made when they were presented by Defendant to Plaintiff during the time frame of the negotiations prior to the execution of the *Agreement for the Purchase and Sale of a Dental Practice* and within the *Agreement* itself. *Agreement, ¶ 3.1.1*.

14.     Unlike allegations of fraud in other unrelated cases in which identification when a fraudulent statement was made is required to provide the defendant reasonable notice of when the fraudulent statement was made to permit him to respond, in the instant case such precision is not necessary. The Defendant is being told by an allegation in the complaint that the misrepresentation was made during the time he and the Plaintiff were negotiating the sale. That precise date is not a material fact in this case. Fact pleading is not required under FRCP Rule 9 (b). All that is required by FRCP Rule 9 (b) is that the Defendant be provided circumstances of the fraud. *Schwartz v. Celestial Seasoning Inc.*, 904 F.Supp 1191 (D.C. Colo 1995). That has been provided in the Complaint. The specific time and place is not so vague and ambiguous that the Defendant cannot adequately frame an answer.

15.     Any requirement of a specific allegation of time or place is also satisfied by the appended copy of the sales agreement to the complaint as provided by FRCP Rule 10 (c). The detailed *Agreement for the Purchase and Sale of a Dental Practice* states in the first

paragraph that the agreement was made effective on September 16, 2004. Paragraph number 5.1 provides that the closing of the transaction shall be held on October 15, 2004 at the Wallis State Bank, in Houston Texas. Paragraph number 3.1.1 provides a seller's warranty that all financial information concerning Toothworks and Open Choice provided to the Plaintiff by the Defendant correctly reflects and fairly presents the financial affairs of the business. That seller's warranty, signed by Defendant on September 30, 2004, provides a precise date when the alleged false statement was made.

### Content of Statement and Why it is False

16. The Complaint alleges that during the time frame of the negotiations Defendant showed Plaintiff a document establishing the history of deposits made by patients to the Defendant's dental practice. It is that document which was represented by the Defendant to be an accurate reflections of the bank account deposits from payments made by patients. *Complaint ¶¶ 13 and 14.*

17. The Complaint alleges the statement of the accuracy of the bank deposits made by the Defendant was false because the documentation provided by the Defendant to Plaintiff was not accurate. *Complaint, ¶ 16.*

18. The Complaint further alleges that Defendant falsely represented to Plaintiff that the financial information provided to Plaintiff was correctly and properly prepared in accordance to generally accepted accounting principles and the contents of financial information correctly reflected and fairly represented the financial affairs of the business. *Complaint, ¶ 29; Agreement ¶ 3.1.1.*

19. The Complaint alleges that since Plaintiff took over the dental practice, Plaintiff has learned that statements made by Defendant were false and the documents Defendant provided did not accurately reflect the deposits made by patients and customers. *Complaint, ¶ 16.*

20. The Complaint alleges that the truth is that the bank deposits were 25 percent less than represented. *Complaint ¶ 17.*

6

**Defendant Had Knowledge of the Falsity of the Statement and Intended to Deceive Plaintiff**

21. The Complaint alleges that Defendant made the representations with the intent to induce reliance on his representation even though he knew that his representations were false. *Complaint, ¶ 30.*

**Plaintiff Relied on the Statement**

22. The Complaint alleges that Plaintiff relied on the accuracy of the representation made by Defendant regarding the accuracy of the deposits made by his customers. *Complaint, ¶ 15.* The Complaint further alleges that Plaintiff justifiably relied on Defendant's representation and acted on the false statements by purchasing the dental practice for more than its fair market value. *Complaint, ¶ 31*

**Plaintiff was Damaged by the Fraudulent Statement**

23. The Complaint alleges that Plaintiff was damaged as a result of the false statements because the value of the business he purchased was reduced. *Complaint, ¶¶ 17 & 31.*

**HOW MUCH DETAIL IS NEEDED TO GIVE ADEQUATE NOTICE**

24. As the judicial sage, Judge Philip Pro has sensibly stated:

> It is well settled that a pleading's allegations of fraud is sufficient if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.

*Cincinnati Microwave, Inc. v. Wilson*, 705 F.Supp. 1453, 1457 (D.C. Nev 1989).

25. The most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of FRCP Rule 9 (b) is the determination of how much detail is necessary to give adequate notice to a defendant to enable that defendant to prepare a responsive pleading. *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1685); *Wenger v. Lumisys, Inc.*, 2 F.Supp. 2d 1231 (N.D. CA 1998). The heightened pleading standard of

1  FRCP Rule 9(b) is not an invitation to disregard the requirement of simplicity, directness, and clarity of FRCP Rule 8. *McHenry v. Renne,* 84 F.3d 1172 (9th Cir. 1996).

26.   A court should hesitate to dismiss the complaint under FRCP Rule 9 (b) if the court is satisfied first, that the defendant has been made aware of the particular circumstances for which he will have to prepare a defense at trial, and second, the defendant has substantial pre discovery evidence in support of those facts. *U.S. ex Rel. Stinson, Lyons, Gerling & Bustanmante P.A. v. Blue Cross Blue Shield of Georgia, Inc.* 755 F.Supp. 1055 (S.D.GA 1990). In this case the complaint alleges that the Defendant told Plaintiff that the documents Plaintiff relied upon to show cash flow deposits into the companies were accurate. Based upon those representations Plaintiff relied on their accuracy and purchased the business for a price commensurate with the stated cash flow but greater than the market value. Subsequently, Plaintiff learned that the deposits were not as great as represented and Plaintiff further learned that the financial information stated to be accurate was false and known to Defendant to be false. All of this information is known to the Plaintiff at this time. At this pre discovery phase of litigation the Defendant has all of the documents relied upon by Plaintiff in support of his allegations of fraud.

27.   The Plaintiff has conducted a pre-complaint investigation of **who, what, where, and when** to assure that the charge of fraud is responsible and supported rather than extortionate. *Ackerman v. NorthWest Mutual Life Insurance Company,* 172 F.3d. 467,469 (7th Cir. 1999). The "who" are the two parties to the Complaint. Defendant made statements and showed documents to Plaintiff. No one else was involved in stating the accuracy of the documents of the bank deposits and no one else was a recipient of that false information. The "what" was the statement of the cash flow from the business operation that was evidenced by bank records showing deposits from patients and customers. The "where," not stated with precision, was in Texas when the parties were negotiating the sale and where the closing of the sale took place as stated in the *Agreement for the Purchase and Sale of the Dental Practice.* And the "when" was during the negotiations that culminated in the execution of the *Agreement for the Purchase and Sale of the Dental Practice* effective on

September 16, 2004. The requirement of FRCP Rule 9 is satisfied as the pleading identifies the circumstances constituting fraud so that the Defendant can prepare an adequate answer from the allegations.

**DEFENDANT RELIES ON SECURITY FRAUD CASES**

28. The Defendant has relied heavily on the Ninth Circuit case of *In re GlenFed, Inc, Securities Litigation, supra*. The *GlenFed* case was a class action federal securities fraud claims case involving many plaintiffs and many defendants and factually dissimilar to the instant matter. Because the nature of the *GlenFed* case, although the general statements of the law discussed therein are not disputed by Plaintiff, the rulings on the facts and how FRCP Rule 9 (b) is to be invoked for those facts should not be fully embraced and are not applicable in this matter. GlenFed was a real estate and financial services holding company that declared over $140 million dollars loss for one quarter of 1991 after having several years of reporting profitable operations. Class actions plaintiffs alleged in their complaint in *GlenFed* that its officers and directors made misrepresentations and omissions designed to conceal GlenFed's deteriorating financial condition and its lack of adequate internal controls in a declining market. Plaintiffs claimed that GlenFed concealed deficiencies concerning its asset monitoring and loan underwriting policies that affected the quality of assets and as a class they were damaged.

29. The stated general mandate of FRCP Rule 9(b) is that allegations of particularity that the plaintiff must set forth must be more than neutral facts necessary to identify the transaction. But the *GlenFed* court recognized that "[i]n certain cases, to be sure, the requisite particularity might be supplied with great simplicity." *GlenFed, supra, at 1546*. It provided an example of a simple real estate transaction between two individuals in which the defendant seller assured the plaintiff buyer that the house being sold was in "perfect shape" when in fact the house turned out to be built on landfill. In this hypothetical, the court found that the falseness was clear from the facts and that those facts had existed all along as would later be revealed. That simplicity in pleading would satisfy FRCP Rule 9(b).

The court then stated that security fraud cases are more complicated and that because of possible intervening events a plaintiff must set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made. After reviewing the 118 page complaint, the majority of the *GlenFed* panel 'reluctantly' found that the complaint satisfied the conditions set forth in FRCP Rule 9 (b).

30.  In the instant case we do not have a complicated securities fraud case involving many plaintiffs and many defendants. Our facts are more akin to the hypothetical used in the *GlenFed* case. As the Court reasoned in that matter, the FRCP Rule 9(b) requirement of pleading with particularity can be accomplished with great simplicity.

## CONCLUSION

The Complaint has allegations of all of the elements of fraud and it sufficiently identifies the particular circumstances constituting fraud. Defendant has been given notice of the nature and grounds of the claim. FRCP Rule 9(b) requires no more. Defendant had not shown why additional evidentiary facts are needed to enable him to answer the Complaint. Defendant can prepare an adequate answer from the allegations.

Defendant's motion to dismiss the second cause of action of Plaintiff's complaint should be denied.

DATED this 2d day of February, 2006.

Respectfully submitted,

SMITH & WILLIAMS

By _____
ERIC S. SMITH
Attorney for Plaintiff