
F I L E D
Clerk
District Court

FEB -9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

GEORGE L. HASSELBACK, ESQ.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Bldg.
P. O. Box 501969
Saipan, MP 96950
Tel. No.: (670) 234-5684
Fax No.: (670) 234-5683

Attorneys for Defendant Todd Keith Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALAN STUART MARKOFF, D.D.S. dba TOOTHWORKS and OPEN CHOICE,<br><br>Plaintiff,<br><br>vs.<br><br>TODD KEITH JOHNSON, D.D.S.,<br><br>Defendant. | CIVIL ACTION. NO: 05-0035<br><br>REPLY TO RESPONSE TO MOTION TO DISMISS SECOND CAUSE OF ACTION<br><br>Date : February 16, 2006<br>Time : 9:00 a.m.<br>Judge: Munson, Chief Judge |

**COMES NOW** Defendant Todd Keith Johnson, D.D.S. ("Dr. Johnson"), by and through counsel and pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), to submit the following Reply to Response to Motion to Dismiss Second Cause of Action, entitled "Fraud and Misrepresentation."

## INTRODUCTION

In opposing Defendant's motion to dismiss the second cause of action in Plaintiff's Complaint, Plaintiff takes the position that the claim for fraud contained therein has, in fact, been plead with sufficient specificity. The gravamen of Plaintiff's argument is that the business transaction that took place between the parties was of such a simple nature that Plaintiff is now only

1

required to plead fraud in his complaint with *some* particularity. While it is true that the specific facts and circumstances of a particular case will determine what particular allegations will satisfy Rule 9(b)'s heightened standard for pleading, the fact that there are only two parties involved in this transaction does not fully relieve Plaintiff of his burden to plead fraud with particularity. In this instance, despite what Plaintiff has characterized as a relatively uncomplicated commercial transaction (a characterization that Defendant disagrees with), Plaintiff still has failed to plead with particularity sufficient facts that will enable Defendant to answer the allegations of fraud.

## ARGUMENT

Plaintiff continues to fail to specifically identify the allegedly fraudulent statements made by Defendant by only vaguely describing the "what" and "when" of these statements. As Plaintiff contends, "[t]he most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of FRCP Rule 9(b) is the determination of how much detail is necessary to give adequate notice to a defendant to enable that defendant to prepare a responsive pleading."[1] The factual allegations in Plaintiff's Complaint and Response to this Motion, however, do not provide adequate notice as to what statements Plaintiff contends were misleading, but instead vaguely describe categories of statements made at indeterminate times. While Plaintiff may conclude that this is notice adequate to enable Dr. Johnson to mount an effective defense, it does nothing but force him to "just deny that he has done anything wrong."[2]

**1) *Plaintiff Continues To Only Vaguely Describe What Statements Were "Fraudulent."***

---

[1] *See* Plaintiff's Response To Motion To Dismiss Second Cause Of Action previously filed with this Court at paragraph 25 citing *Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985).

[2] *Id.* at paragraph 8 (this what Plaintiff contends is what Rule 9(b) is supposed to prevent).

Plaintiff contends that his vague description of the identity of the alleged misrepresentations is sufficient to put Defendant on notice under Rule 9(b). It does not. Plaintiff variously describes the alleged misrepresentation as "documentation and statements,"[3] "representations"[4] and "a document."[5] Is Plaintiff alleging that the basis for his fraud claim is one printed document, several documents, statements made by Dr. Johnson in person or some combination thereof? This is unclear, and perhaps most telling is that Plaintiff has ***never come forward with a copy of whatever document or documents constitute the alleged misrepresentation.*** Without a more specific statement of which alleged misrepresentation Plaintiff means to complain, Dr. Johnson is unable to mount a meaningful defense to the allegation of fraud.

### 2) *Plaintiff Continues To Only Vaguely Describe When These Statements Were Made.*

Furthermore, Plaintiff attempts to minimize the impact of his imprecise allegation of when the misrepresentations were made by contending that Dr. Johnson must be on notice of what statement constitutes the alleged fraud because there is only a finite period of time in which the statement could have been made.[6] This both over-simplifies the facts surrounding the negotiation process as it took place and ignores the requirement that Dr. Johnson be placed on notice of what statement (or statements) were allegedly false. First, Plaintiff repeatedly fixes the time of the misrepresentation as "the time when Plaintiff and Defendant were negotiating,"[7] "the time these two dentists negotiated"[8] and "the time period of negotiations."[9] As there was no specific identification

---

[3] *See* Plaintiff's Complaint previously filed with this Court at paragraph 13.
[4] *Id.*
[5] *See* Plaintiff's Response at paragraph 16.
[6] *See* Plaintiff's Response at paragraph 12.
[7] Plaintiff's Complaint at paragraph 13.
[8] Plaintiff's Response at paragraph 12.

of what statements were allegedly false (*See* above), so too is there no specific identification of when these statements were made.

Plaintiff makes an attempt to fix a precise date, by pointing to the "seller's warranty" in the *Agreement for the Purchase and Sale of a Dental Practice* signed by both parties, but this does nothing to pin down the time of the allegedly false statement.[10]  Plaintiff claims that Dr. Johnson "is being told by and allegation in the complaint that the misrepresentation was made during the time he and the Plaintiff were negotiating the sale."[11]   Plaintiff then claims that the date of the memorialization of the sale (as evidenced by the date signature on the agreement) was the date upon which these statements were made.[12]  Since negotiations over the sale and purchase of this practice took place on several occasions before the date upon which the agreement was signed, only *some* potentially misleading statements could possibly have been made on that date.  Is Plaintiff saying that the statements of which he complains were only made on that date, or that they could have been made "during negotiations" as he has stated so many times before?  This is unclear, and such an unclear and contradictory allegation as to the time of the misrepresentation is as effective as no allegation at all.

## CONCLUSION

Plaintiff still fails to plead specific facts regarding what allegedly fraudulent misrepresentations form the basis for his second cause of action.  Instead of pointing to specific

---

[9] *Id.*

[10] Plaintiff's Response at paragraph 15.

[11] *Id* at paragraph 14.

[12] *Id* at paragraph 15.

statements made by Defendant, Plaintiff continues to vaguely describe "documents" that he was shown during the course negotiations for the sale of a dental practice. Similarly, instead of informing Dr. Johnson as to when these statements took place, Plaintiff merely says "during negotiations." Without further knowledge of what specific statements Defendant allegedly used to defraud Plaintiff, Dr. Johnson is unable to meaningfully respond to the allegations of fraud and therefore, Defendant's Motion should be granted in full and the second cause of action in Plaintiff's Complaint should be dismissed.

Dated this 9th day of February 2006.             Respectfully submitted,

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Defendant Todd K. Johnson

By: _____
GEORGE L. HASSELBACK, ESQ.

2425-04-060209-PL-Rep2OppMtnDismiss-glh