1    **DAVID G. BANES, Esq.**
     **O'Connor Berman Dotts & Banes**

2    **Second Floor, Nauru Building**
     **P.O. Box 501969**

3    **Saipan, MP96950**
     **Telephone No. (670) 234-5684**

4    **Facsimile No. (670) 234-5683**

5    **Attorneys for Defendant Todd Keith Johnson**

6                **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE NORTHERN MARIANA ISLANDS**

8    **ALAN STUART MARKOFF, D.D.S. dba**     )    **CIVIL ACTION NO. CV-05-0035**
     **TOOTHWORKS and OPEN CHOICE,**         )
9                                            )    **MEMORANDUM OF LAW IN SUPPORT**
                **Plaintiff,**               )    **OF MOTION TO STAY**
10                                           )
            vs.                              )    **Date : Munson, Chief Judge**
11                                           )    **Time :** 9:00 am
     **TODD KEITH JOHNSON, D.D.S.,**         )    **Judge :** APR 1 3 2006
12                                           )
                **Defendant.**               )

13

14         Defendant Todd K. Johnson ("Mr. Johnson") moves this Court to stay proceedings in

15   this matter, pending the outcome of *Todd K. Johnson v. Alan S. Markoff et al.*, Case No. 2005-

16   56947, currently pending in the District Court of Harris County, Texas ("the Texas County

17   Action"), pursuant to the doctrine articulated by the United States Supreme Court in *Colorado*

18   *River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976). The

19   *Colorado River* doctrine provides federal courts the discretion to stay a parallel proceeding

20   pending in another court "to avoid duplicative litigation" and to promote the "conservation of

21   judicial resources and comprehensive disposition of litigation." *Id.* 424 U.S. at 817.

22

23

24         As discussed in detail below, allowing the same suit involving the same parties over

25   the same contract dispute to proceed in both federal and state court simultaneously, results in a

     waste of resources of both the courts and the parties, and creates a substantial risk of

                                            1

F I L E D
Clerk
District Court

MAR 1 7 2006

For The Northern Mariana Islands
By_____
          (Deputy Clerk)

**ORIGINAL**

inconsistent outcomes - - precisely the problems the *Colorado River* doctrine was intended to address. Moreover, the timing of Plaintiff's filing, after being made a defendant in the Texas County Action indicates an intent by Plaintiff to engage in forum shopping, a practice strongly discouraged in this Circuit.  Additionally, as the parties agreed that Texas law would apply to any dispute related to the contract between the parties, the Texas state courts should be allowed the opportunity to interpret their own laws.    For all of these reasons, Mr. Johnson's motion for a stay should be granted.

## FACTS

This is essentially a breach of contract dispute between Mr. Johnson and Mr. Markoff related to Mr. Markoff's purchase of Mr. Johnson's dental practice.   The parties further agreed, in a choice of law provision in that contract, attached as Exhibit 1 to Plaintiff's Amended Complaint, Texas law should be applied to any disputes arising from the contract. Also of importance, Mr. Johnson filed suit first (September 1, 2005)[1] against Mr. Markoff claiming *inter alia* that Mr. Markoff has not paid him the full purchase price. *See* Declaration of Counsel, Exhibit A.  After being served with the Complaint, Mr. Markoff then sued Mr. Johnson, in essence justifying his failure to pay the full purchase price by alleging the purchase price was based on inflated projections of income. *See* Amended Complaint paras. 21-23.  Perhaps not coincidentally, Mr. Markoff alleges almost identical causes of action as those asserted first by Mr. Johnson (breach of contract, fraud, negligent misrepresentation),

---

[1]  This action was filed on or about November 4, 2005.

the only difference is that as Mr. Markoff also does business as a corporation (Mr. Johnson does not), Mr. Johnson made allegations of vicarious liability and civil conspiracy. Compare Amended Complaint and Exhibit A of Counsel's Declaration.

So in brief, we have here the exact same parties filing near-identical lawsuits both involving a dispute over the exact same contract but this action was filed in apparent response to the Texas County Action and that same contract provides Texas law should be applied and most of the witnesses are located on the Mainland. This suit therefore should be stayed.

**ARGUMENT**

**I.    STAY OF THIS ACTION IS APPROPRIATE UNDER THE COLORADO RIVER DOCTRINE ENUNCIATED BY THE UNITED STATES SUPREME COURT**

As described above, the lawsuits involve the same contract. Hence the issues in each lawsuit are the same. The parties in each lawsuit are the same and the dispute is the same. The Texas County Action lawsuit, however, was filed two months **prior** to this lawsuit, and the parties in Texas have already engaged in discovery and motion practice.[2] *See* Declaration of Robert Filteau filed herewith. Here, no discovery has yet been served, and this motion to stay is presented to the Court even before a Case Management Conference has been scheduled.

Given these undisputed facts, pursuant to the United States Supreme Court decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976),

---

[2] Mr. Markoff has recently filed a similar motion to stay these proceedings in the Texas County action - - perhaps coincidentally after counsel informed Plaintiff that Mr. Johnson was going to file this Motion.

abstention by this Court is appropriate, until the state court resolves the issues in Texas.[3] In *Colorado River*, the Supreme Court held that federal courts may stay cases in which a parallel action is pending in another jurisdiction. 424 U.S. at 817-19. This well-recognized doctrine "rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* Plaintiff's filing of the present lawsuit in spite of the pendancy of the Texas County case triggers the need for this Court to apply *Colorado River* and to exercise "wise judicial administration" by suspending proceedings in this case.[4]

In ruling on a motion for a stay pending the outcome of other judicial or administrative proceedings, the district court exercises its sounds discretion, weighing the competing interests of those that will be affected by the stay. *Id.; see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed"). The Ninth Circuit stated that these "competing interests" include:

---

[3]  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket. *Shipley v. United States*, 608 F.2d 770, 775 (9th Cir. 1979).

[4]  The Ninth Circuit has similarly held that a matter may be stayed considering the Court's own docket and the "fairest course" for the parties:

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)(citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).

4

possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof and questions of law which could be expected to result from a stay.

*CMAX*, 300 F.2d at 268.

**This Action And The Texas County Suit Are Parallel And Essentially Identical**

As a threshold question, before engaging in the *Colorado River* analysis, the Court must determine "whether the state and federal actions are parallel, or at least 'substantially similar'." *Silvaco Data Systems, Inc. v. Technology Modeling Associates*, 896 F. Supp. 973, 975 (N.D. Cal. 1995)(citation omitted). The Ninth Circuit has held that "exact parallelism" is not required. "It is enough if the two cases are substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). In *Silvaco*, the Court found the two cases at issue to be substantially similar even though the claims in each lawsuit were not identical, because they involved similar claims that all arose out of a "long-standing feud" between the parties. *Silvaco*, 896 F. Supp. at 976.

Here, there can be no question that the two lawsuits are substantially similar as the same parties are involved and the key issue relates to Mr. Markoff's promise to purchase Mr. Johnson's dental practice. Indeed, the majority of the allegations in this suit are nearly-identical to the allegations in the Texas County Action. Given the substantial similarity of the two lawsuits, the same parties fighting over the same contract, analysis under *Colorado River* is appropriate.

2425-04-060303-PL-Memo-rcr

**There Are Six Factors For The Court To Consider:**

*Colorado River* and its progeny have established six factors to guide federal courts in deciding whether to grant a stay under that doctrine:

1.    whether one of the courts has retained jurisdiction over property;

2.    the relative convenience of the forum;

3.    the desirability of avoiding piecemeal litigation;

4.    the order in which the forums obtained jurisdiction;

5.    whether state or federal law controls; and

6.    whether the state proceeding is adequate to protect the parties' rights.

*Nakash*, 882 F.2d at 1415 (citing *Colorado River*, 424 U.S. at 818 and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927 (1983)).    The Supreme Court held that no single factor is necessarily dispositive, and that the determination of the appropriate circumstances "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 16 (1983).    The first factor is not significant in this case. There is no property at issue. As to the last factor, this should not be at issue either as a Texas state court should be able to handle this simple breach of contract dispute.    Thus, the appropriate analysis concerns the remaining four middle factors. *See Silvaco*, 896 F. Supp. at 976 (finding a stay appropriate based on the last four factors, where the first two were not relevant and did not militate against abstention); *Nakash* 882 F.2d at 1415 (same). These four factors militate in favor of abstention.

## 1.    Texas Is The Most Appropriate Forum

Texas is the most appropriate forum as a majority of the witnesses reside in the Mainland, Mr. Markoff is a resident or least domiciled there, his family apparently lives there[5] and Texas law is to be applied.

The Texas forum is the more convenient one as Mr. Markoff is a resident of or at least domiciled in Texas[6] while Mr. Johnson resides in Oklahoma, which is nearby.   John Ronan who is a witness who worked for Mr. Johnson now resides somewhere on the Mainland.  The brokers who made the deal are located in Oregon (Doug Srebert) and Illinois (Progressive Management Consultants); Mr. Markoff's accountant resides in Texas while Mr. Johnson's bookkeeper works somewhere here on Saipan.  The negotiations took place between the parties while they resided in Oklahoma and Texas respectively.  Mr. Johnson signed the contract in Oklahoma while Mr. Markoff signed it in Texas and each used a lawyer from their respective state.  Perhaps of utmost significance, the contract provides that Texas law shall apply.  *See* Declaration of counsel, paras. a and b and Amended Complaint, Exhibit 1, Section 12.8.

## 2.    The Desirability Of Avoiding Piecemeal Litigation Weighs In Favor Of A Stay

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching conflicting results." *American Int'l. Underwriters, Inc. v. Continental Insurance Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  Here, both sides agree that one of these parallel proceedings should be stayed as Mr. Markoff has filed a motion also

---

[5] *See* Amended Complaint, para. 10 (Mr. Markoff intended "only quarterly visits" to the CNMI) and Affidavit of Robert Filteau suggesting persons still reside at Mr. Markoff's family home.

[6] *Compare* para. 5 of Plaintiff's Complaint ("resident of Texas") and para. 4 of the Amended Complaint ("domiciliary of Houston, Texas").

7

requesting a stay of the Texas County proceedings. *See* Filteau Affidavit, para. 5. So there is no question that allowing this suit to go forward simultaneously with the Texas County lawsuit would result in piecemeal litigation. The outcome of both cases revolves around the same exact issue - -whether Mr. Markoff should be required to pay the balance of the purchase price of Mr. Johnson's dental practice. Thus, a stay is proper. *See e.g. Nakash*, 882 F.2d at 1415 (court granted a stay because permitting the federal case to go forward "would undeniably result in piecemeal litigation"); *Classen v. Weller*, 516 F. Supp. 1243, 1244 (N.D. Cal. 1981) (court held that a stay of federal proceedings was appropriate because "the issues presented in the state court action coincide with the issues presented here"); *Silvaco*, 896 F. Supp. at 976 (stay granted where "there is clearly the chance of duplicative effort and conflicting results" if both cases were allowed to proceed).

It is undeniable that allowing this case to proceed along with the Texas County case would result in duplicative and overlapping discovery and motion practice concerning the same issues, tying up the resources of two courts at the same time with identical tasks. "Faced with the prospect of duplicating the efforts of a state court, it is appropriate for a federal court to exercise its power to abstain." *Classen*, 516 F. Supp. at 1244-45.

Here, there is a substantial risk that allowing both cases to proceed would result in a great waste of time and resources for both the courts and the parties. Moreover, there also is substantial risk of conflicting rulings on the exact same issues throughout the litigation, which itself would threaten the legitimacy of our legal system. When a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value placed in jeopardy. The legitimacy of the court system in the

eyes of the public, and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications. *Lumen Constr., Inc. v. Brant Constr. Co.* 780 F.2d 691, 694 (7th Cir. 1985). For all of the foregoing reasons, this factor weighs strongly in favor of abstention.

### 3.    The Order In Which The Courts Obtained Jurisdiction Weighs In Favor Of A Stay As The Texas County Action Was Filed First

The order in which the state and federal courts obtained jurisdiction here also weighs in favor of staying this lawsuit. In analyzing this factor, the Ninth Circuit looks at two elements: 1) which complaint was filed earlier and; 2) which of the two actions has progressed further. *Silvaco*, 896 F. Supp. at 977 (citation omitted). Both of these elements side toward deferral to the state proceeding.

First, the Texas County case was filed on September 1, 2005, two months before this matter case was filed. In terms of activity, the parties in the Texas County case have already engaged in discovery, while here, no discovery has even yet been served. *See* Filteau Affidavit, para. 4.

The relevant case law help show that these undisputed facts weigh in favor of suspending the proceedings in the instant action. *See Moses H. Come Memorial Hospital*, 460 U.S. at 21 (stating that priority should be measured "in terms of how much progress has been made in the two actions"); *Merryll Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1173 (11th Cir. 1982)("[F]ederalism concerns require that a federal court tread lightly when a state proceeding is already underway"); *Allied Machinery Serv., Inc. v. Caterpillar*, 841

F. Supp. 406, 410 (S.D. Fla. 1993)("[G]iven that the state court has had a three month head start in dealing with the issues presented by these cases, it would be a waste of judicial resources for this court to revisit issues that may be disposed of by the resolution of the already progressing state proceeding"). Thus, pursuant to the analysis utilized by the Ninth Circuit, this Court should stay the present proceeding.

### 4. Whether State or Federal Law Will Be Applied Weighs In Favor Of A Stay As The Contract Reqiures The Application Of Texas Law

The contract requires that Texas law shall apply. See Amended Complaint, Exhibit 1, page 18, Section 12.8.[7] A Texas state court is therefore the appropriate forum to consider and apply Texas law. If this action will proceed, the CNMI lawyers will be forced to argue Texas law and this Court will have to make decisions based on Texas law. The lawyers and the Judge in the Texas County suit presumably would have much greater familiarity with Texas law and would be the more appropriate forum to decide issues involving the application of Texas law.

### 5. A Stay Is Also Mandated To Discourage Plaintiffs From Forum Shopping

Mr. Markoff filed this action **after** being served with Texas County action. Also there is evidence that suggests Mr. Markoff, or his family, attempted to evade or delay service of process by refusing to answer the door when the process server attempted to serve the Summons and Complaint in that proceeding. *See* Affidavit of Filteau para. 2 and Affidavit of Garon Lyles. This suggests an inappropriate attempt to forum shop by Plaintiff.

---

[7] "12.8 GOVERNING LAW- This agreement shall be construed and interpreted in accordance with the laws of the State of Texas USA, without regard to choice of law principles thereof."

10

1    In deciding on a motion to stay, such as the one presented here, the Ninth Circuit

2    considers "whether the second suit by [Plaintiff] is an attempt to forum shop or avoid adverse

3    rulings by the state court."    *Nakash*, 882 F.2d at 1417.    See also *American Int'l.*

4    *Underwriters*, 843 F.2d at 1259 (although forum shopping is not "spelled out in *Colorado*

5    *River*, it is appropriate to consider given the flexible and pragmatic way in which abstention is

6    to be applied.") Courts "have no interest in encouraging this factor."    *Nakash*, 882 F.2d at

7    1417.    *Silvaco*, 896 F. Supp. at 978 (court found that the "forum shopping" factor militated

8    in favor of a stay where the timing of plaintiff s filing of new claims coincided with adverse

9    rulings in earlier actions.) If, as it appears, Plaintiff filed this case for the purpose of forum

10    shopping, his actions should be discouraged and a stay of this action should be entered.

11

12

13                                  **CONCLUSION**

14

15    For all of the foregoing reasons, Mr. Johnson respectfully requests that this Court stay

16    all proceedings in this case pending the outcome of *Matter of Johnson v. Markoff, DDS, Inc. et*

17    *al.*, Civil Action No. 2005-56967 pending in the District Court of Harris County Texas.

18

19    Dated this 17th day of March, 2006.        Respectfully submitted,

20                                  O'CONNOR BERMAN DOTTS & BANES
                                    Attorneys for Defendant Todd K. Johnson
21

22

23    By:_____

24                                  DAVID G. BANES

25