breaching party shall have five (5) days to cure such default or breach before being deemed in actual default under this Agreement. The giving of any such notice shall not prevent the alleged defaulting party from establishing that, in fact, no default did occur.

11.2  Remedies

11.2.1  Failure to Close.  If, without breach by SELLER or PURCHASER, the contingencies and conditions to Closing are not and cannot be eliminated, satisfied, or waived within the time limits set forth herein, either party may either withdraw from and terminate this Agreement or waive the condition or portion thereof which cannot be satisfied and proceed with Closing.  If terminated, this Agreement shall be deemed null and void.

11.2.2  SELLER'S Breach.  If SELLER breaches this Agreement and fails to close the sale contemplated hereby through no fault of PURCHASER, PURCHASER shall be entitled, at PURCHASER'S election (a) to terminate its obligations to perform further under this Agreement and recover any and all damages; (b) to seek specific performance of this Agreement; and (c) to pursue any and all remedies in addition to or by way of alternative to the foregoing available at law or in equity.

11.2.3  PURCHASER'S Breach.  If PURCHASER breaches this Agreement and fails to close the purchase contemplated hereby through no fault of SELLER, SELLER shall be entitled, at Seller's election (a) to terminate its obligations to perform further under this Agreement and recover any and all damages; (b) to seek specific performance of this Agreement; and (c) to pursue any and all remedies in addition to or by way of alternative to the foregoing available at law or in equity.

## ARTICLE XII.
## GENERAL CONDITIONS

12.1  MAINTENANCE OF PROPERTY - SELLER will maintain through the date of the Closing the property of the business, including equipment, in at least as good condition and repair as it is on the date of this agreement and will not voluntarily suffer anything to be done that will decrease the value of SELLER'S property, ordinary wear and tear excepted, and subject to the provisions herein. Further, if any dental equipment sold to PURCHASER hereunder requires repair as a result of normal usage within ninety (90) days of the date of the Closing, SELLER shall reimburse PURCHASER for the cost of such repair within ten (10) days of notice thereof from PURCHASER. The preceding sentence shall not apply to the cost of routine maintenance.

12.2  APPROVAL OF INSTRUMENTS - Counsel for PURCHASER will approve the form, substance and sufficiency of all instruments to be delivered by SELLER at or

before closing. Approval will not be unreasonably withheld.

12.3   SURVIVAL OF REPRESENTATIONS, WARRANTIES AND AGREEMENTS - All representations, warranties and agreements made by the SELLER and PURCHASER in this Agreement shall survive the consummation of this agreement and any investigation made at any time by or on behalf of PURCHASER for a period of one (1) year following the date of the Closing.

12.4   WAIVER. Neither the failure nor any delay by any party in exercising any right, power, or privilege under this Agreement or the documents referred to in this Agreement will operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege will preclude any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege. No provision of this Agreement or the documents referred to in this Agreement or the performance thereof can be waived except in writing signed by the party waiving compliance.

12.5   SUCCESSORS - This agreement shall be binding upon and inure to the benefit of the successors and assigns of SELLER and PURCHASER.

12.6   NOTICES - All notices shall be in writing and delivered in person or sent by certified, registered or express mail or by facsimile, if for SELLER addressed as follows:

If to SELLER

Todd Keith Johnson, D.D.S.
c/o Dee Johnson
13901 N.E. 8th
Choctaw, Oklahoma 73020

With a copy to:

James M. Peters, Esquire
Monnet, Hayes, Bullis, Thompson & Edwards
120 North Robinson, Suite 1719
Oklahoma City, Oklahoma 73102

If to PURCHASER

Alan Stuart Markoff, D.D.S.
31 Stillforest
Houston, Texas 70024-7513

with a copy to:

17

David M. Washburn, Esquire
Nathan Sommers Jacobs + Gorman
2800 Post Oak Boulevard, 61st Floor
Houston, Texas 77056

or such other address for either or both as is stated in a written notice given in compliance under this clause.

12.7 HEADINGS - The various headings used in this agreement as headings for sections or otherwise are for convenience only and shall not be used in interpreting the text of the section in which they appear.

12.8 GOVERNING LAW - This agreement shall be construed and interpreted in accordance with the laws of the State of Texas USA, without regard to choice of law principles thereof.

12.9 SEVERABILITY - The invalidity of any provision of this agreement shall not impair the validity of any other provision. If any provision of this agreement is determined by a court of competent jurisdiction to be unenforceable, that provision will be deemed severable and the agreement may be enforced with that provision severed or as modified by the court.

12.10 ENTIRE AGREEMENT AND MODIFICATION - This agreement sets forth the entire understanding of the parties. It may only be amended, modified or terminated by instrument signed by the parties.

12.11 COUNTERPARTS - This agreement may be executed in multiple counterparts, each of which shall be deemed to be and shall constitute one and the same instrument.

12.12 TIME - Time is of the essence of this contract.

12.13 RULES OF CONSTRUCTION - The normal rules of construction which require the terms of an agreement to be construed most strictly against the drafter of such agreement are hereby waived since each party has been represented by counsel in the drafting and negotiation of this Agreement.

12.14 ADMONISHMENT TO PARTIES. Each of the parties hereto acknowledges that this Agreement is a "form" agreement supplied by Progressive Management & Associates (PM). Each of the parties hereby acknowledges that is not a legal firm and that its agent, is not attorneys and is not, therefore, legal counsel for either PURCHASER or SELLER. Each of the parties hereby acknowledges and agrees that they have been admonished by PM, and their agents, to have this Agreement and the terms, covenants, and conditions of this Agreement reviewed by legal

18

counsel of their own choosing. The parties further acknowledge and agree that they are not relying upon any representation by PM, or by its employees or agents as to the meaning or effect of this Agreement.

## ARTICLE XIII.
## INDEMNITY AGREEMENT

13.1    SELLER agrees to indemnify and save and hold PURCHASER harmless from and against any and all claims, demands, causes of action, liability and loss of every kind and nature whatsoever, together with costs and expenses, relating to or resulting or arising from (i) the business, debts or liabilities of SELLER, including but without limitation of the foregoing, any claims, liens, or liabilities accruing through the date of Closing; (ii) any misrepresentation, breach of warranty, or nonfulfillment of any agreement on the part of SELLER under this AGREEMENT or any certificate or other instrument furnished or to be furnished to PURCHASER hereunder; (iii) any obligation or liability under any employment agreement between ToothWorks and an employee of ToothWorks accruing or arising on or prior to the date of Closing; (iv) any obligation or liability of OpenChoice under any dental plan contract with a patient accruing or arising on or prior to the date of Closing; and (v) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing. SELLER shall reimburse PURCHASER and PURCHASER'S successors or assigns, on demand, for any payment made by PURCHASER or PURCHASER'S successors or assigns, at any time after the closing hereunder with respect to any liability or claim to which the foregoing indemnity relates.

13.2    PURCHASER agrees to indemnify and save and hold SELLER harmless from and against any and all claims, demands, causes of action, liability and loss of every kind and nature whatsoever, together with costs and expenses, relating to or resulting or arising from (i) the business, debts or liabilities of PURCHASER, including but without limitation of the foregoing, any claims, liens, or liabilities arising out of or resulting from any failure to pay its liabilities accruing subsequent to the date of Closing; (ii) any misrepresentation, breach of warranty, or nonfulfillment of any agreement on the part of PURCHASER under this AGREEMENT or any certificate or other instrument furnished or to be furnished to SELLER hereunder; (iii) any obligation or liability under any employment agreement between ToothWorks and an employee of ToothWorks accruing or arising after the date of Closing; (iv) any obligation or liability of OpenChoice under any dental plan contract with a patient accruing or arising after the date of Closing; and (v) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing. PURCHASER shall reimburse SELLER and SELLER'S successors or assigns, on demand, for any payment made by SELLER or SELLER'S successors or assigns, at any time after the closing hereunder with respect to any liability or claim to which the foregoing indemnity relates.

19

and nature whatsoever, together with costs and expenses, relating to or resulting or arising from (i) the business, debts or liabilities of PURCHASER, including but without limitation of the foregoing, any claims, liens, or liabilities arising out of or resulting from any failure to pay its liabilities accruing subsequent to the date of Closing; (ii) any misrepresentation, breach of warranty, or nonfulfillment of any agreement on the part of PURCHASER under this AGREEMENT or any certificate or other instrument furnished or to be furnished to SELLER hereunder; (iii) any obligation or liability under any employment agreement between ToothWorks and an employee of ToothWorks accruing or arising after the date of Closing; (iv) any obligation or liability of OpenChoice under any dental plan contract with a patient accruing or arising after the date of Closing; and (v) all actions, suits, proceedings, demands, assessments, judgments, costs and expenses incident to any of the foregoing. PURCHASER shall reimburse SELLER and SELLER'S successors or assigns, on demand, for any payment made by SELLER or SELLER'S successors or assigns, at any time after the closing hereunder with respect to any liability or claim to which the foregoing indemnity relates.

## ARTICLE XIV.
## SELLER TO EXECUTE DOCUMENTS

SELLER agrees that on the date of closing SELLER will execute and deliver to PURCHASER such valid and appropriate assignments, bills of sale, and any other conveyance required to effectuate the transactions contemplated hereunder (whether or not the exact form of such document is specified herein) in form satisfactory to counsel for PURCHASER, the approval of which shall not be unreasonably withheld. Such conveyances shall describe the property covered thereby and shall contain full covenants of general warranty.

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed, each with full authority to act on date above first written.

SELLER:

_____ D.D.S.
TODD KEITH JOHNSON/D.D.S

Date: 9/15/04

PURCHASER:

_____ D.D.S.
ALAN STUART MARKOFF, D.D.S.

Date: September 16, 2004

20

## EXHIBIT 4.0

# AGREEMENT NOT TO COMPETE

### AGREEMENT NOT TO COMPETE

THIS AGREEMENT NOT TO COMPETE is entered into this the __15__ day of __Dec.__, 2004, by and between Todd Keith Johnson, D.D.S., (hereinafter referred to as "Seller"), and Alan Stuart Markoff, D.D.S. (hereinafter referred to as "Purchaser").

### WITNESSETH

WHEREAS, Seller and Purchaser are parties to that certain Agreement for the Purchase and Sale of Business Assets dated __12/15/04__, 2004 herewith (the "Purchase Agreement") (capitalized terms not otherwise defined herein shall have the meanings attributed to them in the Purchase Agreement) pursuant to which Purchaser will purchase from Seller certain of his assets and business operations upon the terms and subject to the conditions set forth therein;

WHEREAS, the execution and delivery of this Agreement are conditions precedent to the closing of the transactions contemplated by the Purchase Agreement and are in partial consideration of the Purchase Price paid by Purchaser to Seller thereunder;

NOW, THEREFORE, for and in consideration of the mutual covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by each of the parties hereto, the parties hereby agree as follows:

1. Definitions. As used herein, the following terms shall have the following meanings:

1.1   "Person" shall mean any individual, firm, association, partnership, corporation or other entity;

1.2   "Restricted Business" shall mean the practice of dentistry;

1.3   "Restricted Territory" shall mean the Island of Saipan or any of the neighboring islands that do not have dentists practicing on them at the time of Closing; and

1.4   "Restricted Period" shall mean the period of time beginning on the date

25

hereof and ending on the tenth (10th) anniversary of the date hereof.

2. <u>Non-competition</u>. Seller covenants and agrees that for the duration of the Restricted Period, he will not, directly or indirectly (whether as private practitioner, partner, venturer, stockholder, associate, employee, officer, director or in any other capacity) conduct or engage in, or have any direct or indirect interest as a disclosed or beneficial owner in any Person conducting or engaging in the Restricted Business in the Restricted Territory, except for holding ownership interests of two percent (2%) or less solely for investment purposes.

3. <u>Non-solicitation of Patients</u>. Seller covenants and agrees that except as permitted under the Purchase Agreement for the duration of the Restricted Period, he will not, directly, or indirectly, call on, solicit or take away any patient to whom the Seller has provided dentistry services or products, or entered into a contract for same at any time prior to the date hereof.

4. <u>Non-solicitation of Personnel</u>. Seller covenants and agrees that during the Restricted Period, he will not, together or singly, directly or indirectly, on his own behalf or on behalf of any Person, hire, solicit, take away or attempt to hire, solicit or take away any employee or other personnel of the Purchaser; provided, however, this provision shall not apply to Seller's wife who is employed in Seller's business.

5. <u>Liquidated Damages</u>. The parties acknowledge that a breach of any of the covenants in this Agreement Not To Compete would result in extraordinary damages to Purchaser, which would be difficult if not impossible to ascertain. The parties therefore agree that in the event of any material breach of this Agreement Not To Compete, Seller shall, as liquidated damages and not as a penalty, and in addition to any other remedy, promptly pay to Purchaser Two Hundred Fifty Thousand Dollars (US$250,000.00. The parties acknowledge and agree that such liquidated damages amount is their best estimate of the damages which would be incurred by Purchaser upon a breach of this Agreement Not To Compete.

6. <u>Acknowledgments</u>. The Seller acknowledges and agrees that

6.1 This Agreement is requested by Purchaser for the protection of the legitimate business interests of Purchaser in purchasing the assets and business of Seller;

6.2 Seller previously operated the Restricted Business at its present location, and agrees that the scope of the restrictions in time, geography and activities in this Agreement is reasonable;

6.3  Seller has received adequate consideration for the execution, delivery and performance of this Agreement as more fully set forth in the Purchase Agreement.

6.4  Seller has no present intention of engaging in the activities set forth in this Agreement.

7.  Remedies. Seller acknowledges and agrees that immediate and irreparable damage will result to Purchaser if Seller fails to or refuses to perform his obligations under this Agreement and, notwithstanding any election by Purchaser to claim damages from Seller as a result of any such failure or refusal, Purchaser may, in addition to any other remedies and damages available, seek an injunction in a court of competent jurisdiction to restrain any such failure or refusal and Seller waives any defense that Purchaser has an adequate remedy at law.

8.  Severability, Independence of Covenants, Tolling. In the event that any provisions of this Agreement or any word, phrase, clause, sentence or other portion thereof should   be held to be unenforceable or invalid for any reason, such provision or portion thereof shall be modified or deleted in such a manner so as to make this Agreement,  as modified, legal and enforceable to the fullest extent permitted under applicable laws. Seller and Purchaser do hereby expressly authorize any court of competent jurisdiction to enforce any such provision or portion thereof or to modify any such provision or portion thereof in order that any such provision or portion thereof shall be enforced by such court to the fullest extent permitted by applicable laws. The covenants and obligations of Seller contained in Sections 2, 3 and 4 hereof, shall each be construed as an agreement independent of any other provision in this Agreement. Any  violation of any of the covenants and agreements set forth in Sections 2, 3 or 4 shall automatically toll and suspend the Restricted Period for the amount of time that the violation continues.

9.  Entire Agreement. Except for the Purchase Agreement and the Exhibits thereto, this Agreement constitutes the entire agreement among the parties hereto and supersedes  and cancels any prior agreements, representations, warranties or communications, whether oral or written, among the parties hereto relating to the subject matter herein.

10.  Binding Effect. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, legal representatives, executors, administrators, successors and assigns.

11.  Counterparts. This Agreement may be executed in multiple counterpart copies, each of which will be considered an original and all of which constitute one and the same instrument, binding on all parties hereto, even though all the parties are not signatory to the same counterpart.

12.  Attorneys' Fees. In the event of litigation arising out of the subject matter of this Agreement, the prevailing party will be entitled to receive reasonable attorneys' fees actually incurred and court costs from the losing party.

27

IN WITNESS WHEREOF, the parties hereto have signed, sealed, and delivered this
Agreement all on the day and year first above written.

"SELLER"

Todd Keith Johnson, D.D.S.

12/15/04
Date

"PURCHASER"

Alan Stuart Markoff, D.D.S.

12.15.04
Date

28

**EXHIBIT 5.2.1**

## BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS, that Todd Keith Johnson, D.D.S., doing business as ToothWorks & OpenChoice ('Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby grant, bargain, sell transfer and deliver unto Alan Stuart Markoff, D.D.S. ("Purchaser"), the following goods and chattels:

All of the equipment, instruments, inventory, furniture, fixtures, signs, supplies and office equipment, and telephone numbers at any time used in or relating to Seller's dental practice on the island of Saipan, as more fully described on Schedule A attached hereto, and the names "ToothWorks" and "OpenChoice".

TO HAVE AND HOLD all and singular such goods and chattels to Purchaser, his successors and assigns to his own use forever.

Seller hereby represents to and covenants with Purchaser that Seller is the lawful owner of said goods and chattels; that they are free from all liens and encumbrances, that Seller has good right to sell the same as aforesaid; and that Seller will warrant and defend the same against the lawful claim demands of all persons whomsoever.

IN WITNESS WHEREOF, Seller has hereunto set his hand this __15__ day of ____Dec____, 2004.

SELLER:

TODD KEITH JOHNSON, D.D.S.

ACCEPTED:

PURCHASER:

ALAN STUART MARKOFF, D.D.S.

29

# Bill of Sale

## Schedule A

1.1.1     <u>Dental Equipment</u>- All dental units, lights, dental chairs, light curing equipment, hand pieces and the like, including without limitation those set forth in Exhibit "1.1.1" and Exhibit "1.1.2" attached hereto and made a part hereof.

1.1.2     <u>Office Equipment</u>- all computer equipment and assignable software, telephone equipment, copy machines, fax machines owned by Seller, including without limitation those set forth in Exhibit "1.1.2" attached hereto and made a part hereof.

1.1.3     <u>Furniture and Fixtures</u>- all of the furniture and fixtures and unattached decorations, sound systems, televisions and the like, leasehold improvements, including without limitation those set forth in Exhibit "1.1.2" attached hereto and made a part hereof.

1.1.4     <u>Clinical Supplies</u>- all composite and impression materials, endodontic supplies, cotton and paper goods, preventive materials, and the like, including without limitation those set forth in Exhibit "1.1.4" attached hereto and made a part hereof.

1.1.5     <u>Office Supplies</u> - All of the office supplies, and other supplies presently being used in connection with operation of the business and on hand at the date of closing, including without limitation those set forth in Exhibit "1.1.5" attached hereto and made a part hereof.

**EXHIBIT 8.2**

Electric Company
Water Company
Sewer Treatment
~~Alarm Company~~ *as u 12.15.04* *12/15/04*
Telephone Company

15th *December* 2004

Dear Sir:

This letter is to inform you that Todd Keith Johnson, D.D.S., doing business as ToothWorks &
OpenChoice has sold its business to Alan Stuart Markoff, D.D.S., effective _____,
2004.

Please make your final reading for service to this address and forward your final bill to Todd Keith
Johnson, D.D.S. at the address shown below as soon as possible.  You are further requested to
continue services at this location and to send all future bills to Alan Stuart Markoff, D.D.S.

ToothWorks & OpenChoice
P.O. Box 504699
Saipan, MP 96950-4699

By his signature below, Alan Stuart Markoff D.D.S. agrees to be responsible for all service to this
location after the date of your final reading.

Very truly yours,

Todd Keith Johnson, D.D.S.

By:_____        Date _____

Acknowledged and Approved:
By_____
Alan Stuart Markoff, D.D.S.

31

## EXHIBIT 5.2.2

# LEASE ASSIGNMENT

FOR AND IN CONSIDERATION of the sum of One Dollar ($1.00) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, ToothWorks hereby assigns to Alan Stuart Markoff, D.D.S. all of its rights, title and interest to that certain real estate lease for the southwest portion of the Saipan Health Clinic Building complex in Chalan Kiya, Saipan between Health Professional Corporation and ToothWorks (the Lease").

IN WITNESS WHEREOF, Assignor has hereunto signed this Assignment this _15_ day of _Dec_____, 2004.

**TOOTHWORKS**

By: _____
　　　　Todd Keith Johnson, D.D.S.

# ACCEPTANCE OF ASSIGNMENT
# AND
# ASSUMPTION OF LEASE

Alan Stuart Markoff, D.D.S., hereby accepts the foregoing Lease Assignment and agrees to assume and be bound to the terms of said Lease form and after the date hereof.

Dated the _15th_ day of _December_____, 2004.

_____
ALAN STUART MARKOFF, D.D.S.

# CONSENT TO ASSIGNMENT
# AND
# ASSUMPTION OF LEASE

Health Professional Corporation, Lessor under that certain Lease Agreement dated December 1, 2002 between Lessor and ToothWorks as Lessee for the southwest portion of the Saipan Health Clinic Building complex in Chalan Kiya, Saipan (the "Lease"), hereby consents to the assignment by ToothWorks, Assignor, to Alan Stuart Markoff, D.D.S., Assignee, and consents to the assumption of said Lease by Assignee.

The Assignor, Dr. Todd Johnson shall be relieved of his obligations under the terms of said Lease as of: ___**12/16**_____, 2004.

Dated the _**15**_ day of _**Dec**____, 2004.

HEALTH PROFESSIONAL CORPORATION

By:_____

Vincente S. Aldan, its duly authorized Representative

Dated ___*12/15/2004*_____

33

### EXHIBIT 5.2.3

## ASSIGNMENT

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Todd Keith Johnson, D.D.S. ("Assignor"), hereby assigns to Alan Stuart Markoff, D.D.S. ("Assignee"), all of Assignor's rights, title and interest to the following intangible assets:

*All of the intangible assets of Assignor's dental practice, including, all telephone number, yellow pages and other telephone listings, goodwill and going concern value, rights under contracts, rights in or to patient records, and the names "ToothWorks" and "OpenChoice", except the Excluded Assets set forth in that certain Agreement for the Purchase and Sale of a Dental Practice between Assignor and Assignee.*

to have and to hold as his absolute property forever.

IN WITNESS WHEREOF, Assignor has hereunto signed this Assignment this 15 day of Dec , 2004.

_____
TODD KEITH JOHNSON, D.D.S.

## ACCEPTANCE OF ASSIGNMENT

Alan Stuart Markoff, D.D.S. hereby accepts the foregoing Assignment subject to the provisions of said Asset Purchase and Sale Agreement.

Dated the 15th day of December , 2004.

_____
ALAN STUART MARKOFF, D.D.S

## EXHIBIT 5.3

# CLOSING STATEMENT

AGREEMENT FOR THE PURCHASE AND SALE OF DENTAL PRACTICE ASSETS

BETWEEN

TODD KEITH JOHNSON, D.D.S.,

AND

ALAN STUART MARKOFF, D.D.S.

15 /OCTOBER , 2004

CLOSING STATEMENT

| Purchase Price Due To: | | Purchase Price Due From: | |
|---|---|---|---|
| Todd Keith Johnson, D.D.S. | | Alan Stuart Markoff, D.D.S. | |
| Equipment and Inventory | $337,500.00 | Equipment and Inventory | $337,500.00 |
| Goodwill | $10,500.00 | Goodwill | $10,500.00 |
| Supplies | $67,500.00 | Supplies | $67,500.00 |
| Restrictive Covenant | $34,500.00 | Restrictive Covenant | $34,500.00 |
| **Total Purchase Price** | | | |
| | $450,000.00 | | $450,000.00 |
| *Total Due to Seller* | | | |
| | $450,000.00 | | $450,000.00 |
| *Payment of Purchase Price* | | | |
| Cash at Closing | | | |
| | | | |
| | | | |
| *Total* | | | |

By: _____

Todd Keith Johnson, D.D.S.

By _____ .DDS

Alan Stuart Markoff, D.D.S.

M :LOUIS D. LERNER          FAX NO. :832-242-0112          29 2004 01:33PM P1

$ 50,000.00                    SAIPAN 96950, NORTHERN MARIANNAS

NON-RECOURSE, NON-NEGOTIABLE PROMISSORY NOTE

ALAN STUART MARKOFF DDS INC, referred to herein as MAKER, promises to
pay to TODD KEITH JOHNSON, referred to as HOLDER, the sum of $
50,000.00 ( fifty thousand & no/100 Dollars),

with interest at the rate of 6.0 per cent, per annum; however, at no
time shall the rate of interest charged herein exceed the applicable
limit provided by controlling interest and usury statutes. If interest
is charged in excess of the applicable maximum rate, any overpaid
interest shall be credited to principal.

The principal and interest herein shall be due in regular installments
of $ 1,132.69, to be paid monthly. Should MAKER fail to make any payment
when due, at the option of the HOLDER of the note, the full remaining
amount due shall become immediately due and payable.

Upon default, the sums due herein shall accrue interest at the highest
legal rate. THIS NOTE IS NON-RECOURSE, AND THE HOLDER MAY NOT SEEK
RECOURSE TO ANY PERSONAL ASSETS OF THE DEBTOR. The Maker does not agree
to subject any of his personal assets to the payment of this debt.
However, the HOLDER of this note may seek to subject any and all
security for this debt for foreclosure or other applicable legal or
equitable remedies. However, a deficiency, if any, shall not be a
personal obligation of the HOLDER. The HOLDER shall be entitled to
receive attorney's fees and other costs of collection, provided that the
same shall only collected from proceeds from foreclosure or other legal
or equitable remedies related to security for this debt, if any. Such
attorney's fees and collection costs shall not be a personal obligation
of the MAKER and the MAKER's personal assets shall not be subject to the
payment of these sums, however any property which is specifically
pledged may be subject to foreclosure or other remedy allowed by law.

Dated: 15 December 2004

ALAN STUART MARKOFF DDS INC

All payments a Do & payable by the 15th of each month.
Any payment made after that date shall be subject to a 3%
penalty (35.) 12.15.04  12/15/04

EXHIBIT
2

11/29/2004   Page 1

# ALAN STUART MARKOFF DDS, INC

Compound Period .........: Monthly

| | | |
|---|---|---|
| Nominal Annual Rate ....: | 6.000 | % |
| Effective Annual Rate ...: | 6.168 | % |
| Periodic Rate ..................: | 0.5000 | % |
| Daily Rate .......................: | 0.01644 | % |

## CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 12/01/2004 | 50,000.00 | 1 | | |
| 2 Payment | 01/01/2005 | 1,132.69 | 50 | Monthly | 02/01/2009 |

## AMORTIZATION SCHEDULE - Normal Amortization

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| Loan | 12/01/2004 | | | | 50,000.00 |
| 2004 | Totals | 0.00 | 0.00 | 0.00 | |
| | | | | | |
| 1 | 01/01/2005 | 1,132.69 | 250.00 | 882.69 | 49,117.31 |
| 2 | 02/01/2005 | 1,132.69 | 245.59 | 887.10 | 48,230.21 |
| 3 | 03/01/2005 | 1,132.69 | 241.15 | 891.54 | 47,338.67 |
| 4 | 04/01/2005 | 1,132.69 | 236.69 | 896.00 | 46,442.67 |
| 5 | 05/01/2005 | 1,132.69 | 232.21 | 900.48 | 45,542.19 |
| 6 | 06/01/2005 | 1,132.69 | 227.71 | 904.98 | 44,637.21 |
| 7 | 07/01/2005 | 1,132.69 | 223.19 | 909.50 | 43,727.71 |
| 8 | 08/01/2005 | 1,132.69 | 218.64 | 914.05 | 42,813.66 |
| 9 | 09/01/2005 | 1,132.69 | 214.07 | 918.62 | 41,895.04 |
| 10 | 10/01/2005 | 1,132.69 | 209.48 | 923.21 | 40,971.83 |
| 11 | 11/01/2005 | 1,132.69 | 204.86 | 927.83 | 40,044.00 |
| 12 | 12/01/2005 | 1,132.69 | 200.22 | 932.47 | 39,111.53 |
| 2005 | Totals | 13,592.28 | 2,703.81 | 10,888.47 | |
| | | | | | |
| 13 | 01/01/2006 | 1,132.69 | 195.56 | 937.13 | 38,174.40 |
| 14 | 02/01/2006 | 1,132.69 | 190.87 | 941.82 | 37,232.58 |
| 15 | 03/01/2006 | 1,132.69 | 186.16 | 946.53 | 36,286.05 |
| 16 | 04/01/2006 | 1,132.69 | 181.43 | 951.26 | 35,334.79 |
| 17 | 05/01/2006 | 1,132.69 | 176.67 | 956.02 | 34,378.77 |
| 18 | 06/01/2006 | 1,132.69 | 171.89 | 960.80 | 33,417.97 |
| 19 | 07/01/2006 | 1,132.69 | 167.09 | 965.60 | 32,452.37 |
| 20 | 08/01/2006 | 1,132.69 | 162.26 | 970.43 | 31,481.94 |
| 21 | 09/01/2006 | 1,132.69 | 157.41 | 975.28 | 30,506.66 |
| 22 | 10/01/2006 | 1,132.69 | 152.53 | 980.16 | 29,526.50 |
| 23 | 11/01/2006 | 1,132.69 | 147.63 | 985.06 | 28,541.44 |
| 24 | 12/01/2006 | 1,132.69 | 142.71 | 989.98 | 27,551.46 |
| 2006 | Totals | 13,592.28 | 2,032.21 | 11,560.07 | |
| | | | | | |
| 25 | 01/01/2007 | 1,132.69 | 137.76 | 994.93 | 26,556.53 |
| 26 | 02/01/2007 | 1,132.69 | 132.78 | 999.91 | 25,556.62 |

M :LOUIS D. LERNER          FAX NO. :832-242-0112          29 2004 01:34PM P3

11/29/2004  Page 2

## ALAN STUART MARKOFF DDS, INC

| | Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|---|
| 27 | 03/01/2007 | 1,132.69 | 127.78 | 1,004.91 | 24,551.71 |
| 28 | 04/01/2007 | 1,132.69 | 122.76 | 1,009.93 | 23,541.78 |
| 29 | 05/01/2007 | 1,132.69 | 117.71 | 1,014.98 | 22,526.80 |
| 30 | 06/01/2007 | 1,132.69 | 112.63 | 1,020.06 | 21,506.74 |
| 31 | 07/01/2007 | 1,132.69 | 107.53 | 1,025.16 | 20,481.58 |
| 32 | 08/01/2007 | 1,132.69 | 102.41 | 1,030.28 | 19,451.30 |
| 33 | 09/01/2007 | 1,132.69 | 97.26 | 1,035.43 | 18,415.87 |
| 34 | 10/01/2007 | 1,132.69 | 92.08 | 1,040.61 | 17,375.26 |
| 35 | 11/01/2007 | 1,132.69 | 86.88 | 1,045.81 | 16,329.45 |
| 36 | 12/01/2007 | 1,132.69 | 81.65 | 1,051.04 | 15,278.41 |
| 2007 | Totals | 13,592.28 | 1,319.23 | 12,273.05 | |
| 37 | 01/01/2008 | 1,132.69 | 76.39 | 1,056.30 | 14,222.11 |
| 38 | 02/01/2008 | 1,132.69 | 71.11 | 1,061.58 | 13,160.53 |
| 39 | 03/01/2008 | 1,132.69 | 65.80 | 1,066.89 | 12,093.64 |
| 40 | 04/01/2008 | 1,132.69 | 60.47 | 1,072.22 | 11,021.42 |
| 41 | 05/01/2008 | 1,132.69 | 55.11 | 1,077.58 | 9,943.84 |
| 42 | 06/01/2008 | 1,132.69 | 49.72 | 1,082.97 | 8,860.87 |
| 43 | 07/01/2008 | 1,132.69 | 44.30 | 1,088.39 | 7,772.48 |
| 44 | 08/01/2008 | 1,132.69 | 38.86 | 1,093.83 | 6,678.65 |
| 45 | 09/01/2008 | 1,132.69 | 33.39 | 1,099.30 | 5,579.35 |
| 46 | 10/01/2008 | 1,132.69 | 27.90 | 1,104.79 | 4,474.56 |
| 47 | 11/01/2008 | 1,132.69 | 22.37 | 1,110.32 | 3,364.24 |
| 48 | 12/01/2008 | 1,132.69 | 16.82 | 1,115.87 | 2,248.37 |
| 2008 | Totals | 13,592.28 | 562.24 | 13,030.04 | |
| 49 | 01/01/2009 | 1,132.69 | 11.24 | 1,121.45 | 1,126.92 |
| 50 | 02/01/2009 | 1,132.69 | 5.77 | 1,126.92 | 0.00 |
| 2009 | Totals | 2,265.38 | 17.01 | 2,248.37 | |
| | Grand Totals | 56,634.50 | 6,634.50 | 50,000.00 | |

OM :LOUIS D. LERNER                    FAX NO. :932-242-0112                    . 29 2004 01:34PM P4

11/29/2004  Page 3

ALAN STUART MARKOFF DDS, INC

Last interest amount increased by 0.14 due to rounding.

## CONSULTING AGREEMENT

THIS Agreement is made and entered into as of the date stated below by and between Alan Stuart Markoff, D.D.S., doing business as Toothworks – Open Choice ("Toothworks"), and Todd Keith Johnson, D.D.S. ("Consultant").

WHEREAS, on even date herewith Toothworks acquired from Consultant the dental practice located on the island of Saipan known as "Toothworks-Open Choice" pursuant to that certain Agreement for the Purchase and Sale of Dental practice between the parties hereto;

WHEREAS, Toothworks wishes to engage Consultant to assist Toothworks in managing and operating such dental practice during a transition period following such acquisition, and Consultant is willing to accept such engagement;

NOW, THEREFORE, in consideration of the promises and the mutual covenants herein contained, the parties do hereby agree as follows:

1.    Engagement.  Toothworks hereby engages Consultant, and Consultant hereby accepts such engagement and agrees to perform the services specified herein, upon the terms and conditions hereinafter set forth.

2.    Term.  The term of Consultant's engagement under this Agreement shall be for a period of sixty (60) months, beginning on the effective date hereof.

3.    Consulting Services.  Consultant agrees to provide consulting services, assistance, and advice relating to the Toothwork's dental practice as may be reasonably requested by Toothworks.

4.    Compensation.  Toothworks shall pay to Consultant for his services rendered hereunder a consulting fee of $1,450 per month, payable on the effective date hereof and the same day of each of the succeeding fifty-nine (59) months.

5.    Independent Contractor.  As an independent contractor hereunder, Consultant shall have no authority to bind Toothworks to incur any liability on behalf of Toothworks or to bind Toothworks to any obligation, and Consultant shall not be entitled to participate in any benefit plans or programs that Toothworks may maintain or establish for its employees. Consultant shall be solely responsible for the payment of all income, employment, and other taxes arising out of this Agreement or the compensation payable to Consultant hereunder.

6.    Validity.  In the event any one or more of the provisions contained in this Agreement shall, for any reason, be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement and the Agreement shall be construed as if such invalid, illegal, or unenforceable provisions were omitted.

**EXHIBIT**

3

7.    Waiver.  The failure of a party at any time, or from time to time, to require performance by the other party of any provision hereof shall in no way affect the rights of such party thereafter to enforce the same, nor shall the waiver by a party of any breach of any provision hereof constitute a waiver of any succeeding breach of such provision or a waiver of any breach of any other provision hereof.

8.    Amendment.  This Agreement constitutes the sole existing agreement between the parties with respect to the subject matter hereof.  This Agreement may be amended, modified, superseded, or cancelled, and any of the terms or conditions contained herein may be waived, only by a written instrument executed by all parties hereto, or in the case of a waiver, by the party waiving compliance.

9.    Assignment.  Consultant may not assign his rights or obligations hereunder.  The rights and obligations of Toothworks hereunder shall inure to the benefit of and shall be binding upon the successors and assigns of Toothworks.

10.    Governing Law.  This Agreement shall be interpreted, construed, and governed according to the laws of the state of Texas, without regard to choice of law principles thereof.

            EXECUTED as of the 15 day of December , 2004.

Toothworks                               Consultant

Alan Stuart Markoff, D.D.S.           Todd Keith Johnson, D.D.S.

W:\Markoff\Consulting Agreement.doc