DAVID G. BANES, Esq.
O'Connor Berman Dotts & Banes
Second Floor, Nauru Building
P.O. Box 501969
Saipan, MP96950
Telephone No. (670) 234-5684
Facsimile No. (670) 234-5683

Attorneys for Defendant Todd Keith Johnson

F I L E D
Clerk
District Court

MAR 2 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALAN STUART MARKOFF, D.D.S. dba TOOTHWORKS and OPEN CHOICE,<br><br>Plaintiff,<br>vs.<br><br>TODD KEITH JOHNSON, D.D.S.,<br><br>Defendant. | CIVIL ACTION NO. CV-05-0035<br><br>DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES |

COMES NOW Defendant Todd Keith Johnson, by and through counsel, and for his Answer states and allege as follows:

1. As to Paragraphs 1 and 2, each asserts a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendant denies the Complaint as Amended states a valid cause of action or the matter in controversy exceeds $75,000.00.

2. As to Paragraph 3, it also asserts a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendant denies that this Court is the most convenient forum, believes this action should be stayed pending the resolution of the parallel matter of *Johnson v. Markoff* pending in the District Court of the County of Harris, Texas. Defendant also denies this Court has personal jurisdiction over him.

3. As to Paragraph 4, on information and belief it is admitted that Plaintiff is a United States citizen and is a resident of and domiciled in Texas.

1
2425-04-060315-PL-Answer(AmComp)-rcr

4. As to Paragraph 5, it is admitted Mr. Johnson is a U.S. citizen and a resident of Oklahoma.

5. As to Paragraph 6, Defendant admits Plaintiff agreed to purchase Defendant's dental practice and that he was a resident of Saipan "at the time of purchase". Defendant denies any remaining allegations.

6. As to Paragraphs 7 to 9, the allegations are admitted.

7. As to Paragraph 8, Defendant admits he helped start a business called Open Choice which offered certain dental related services to the public including patients at ToothWorks dental clinic.

8. As to Paragraph 10, it contains allegations related to Plaintiff's state of mind and his communications with a non-party entity. Defendant therefore lacks sufficient knowledge to admit or deny the allegations and on that basis deny the same subject to proof at trial.

9. As to Paragraph 11, Defendant admits he directed to be sent to Million Dollar Dental Practice Inc. ToothWorks' and Open Choice's financial records for the years 1998 through 2002, the ToothWorks' financial report for the months of January-June 30, 2003 as well as the business tax returns for the years 1999 through 2002 of ToothWorks and as to Open Choice, for the year 2001-2002 and the first six months of 2003. Defendant denies any remaining allegations.

10. As to Paragraphs 12 and 13, those allegations relate to actions by and communications between Plaintiff and a non-party. Defendant therefore lacks sufficient knowledge to admit or deny the allegations and so denies the same.

11. As to Paragraph 14, Defendant admits he at Plaintiff's request sent to Plaintiff various financial and accounting documents related to members of Open Choice and patients of Toothworks, the operating expenses including salaries related to both as well as certain tax returns. Defendant denies any remaining allegations.

12. As to Paragraph 15, Defendant admits that he at Plaintiff's request sent Plaintiff a statement related to the history of Toothworks and Open Choice and ceratin statements of annual revenues generated by Toothworks and Open Choice. Defendant denies any remaining allegations.

13. As to Paragraphs 16, 18 and 25, the best evidence of what the Agreement for the Purchase and Sale of Mr. Johnson's Dental Practice does or does not say is the document itself. Defendant denies any allegation not consistent with that document.

14. As to Paragraph 17, it asserts various allegations related to Plaintiff's state of mind. Defendant therefore lacks sufficient knowledge to admit or deny the allegations and so denies the same.

15. As to Paragraph 19, Defendant admits Plaintiff made a partial payment of $400,000.00 and signed two promissory notes in the amounts alleged which included a provision for the payment of interest.

16. As to Paragraph 20, the best evidence of what the consulting agreement does or does say is the document itself. Defendant denies any allegation not consistent with that document. Defendant further admits Plaintiff has only made three (3) payments. Defendant denies any remaining allegation.

17. As to Paragraphs 21 and 26, as to the allegations related to Plaintiff's state of mind, Defendant lacks sufficient knowledge to admit or deny the allegations and so denies the same. Defendant denies that any of the documents provided by Defendant were not accurate and denies any remaining allegation.

18. As to Paragraph 24, it asserts a conclusion requiring expert opinion and/or a legal opinion therefore no response is necessary. If a response is necessary, then at this time Defendant lacks sufficient knowledge to admit or deny the allegation and so denies the same.

19. As to Paragraphs 28 and 29, Defendant admits Plaintiff is contractually bound to pay the purchase price of the sale of Defendant's dental practice.

20. As to Paragraphs 43 and 45, Defendant admits that he at Plaintiff's request provided Plaintiff with certain documents and allowed Plaintiff to examine his business books and records. Defendant denies that any of these documents or representations were false or misleading.

21. Defendant denies the allegations of Paragraphs 22, 23, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 44, 46, 47 and 48.

22. As to Paragraphs 27, 34 and 42, Defendant incorporates by reference his responses to the relevant paragraphs of Plaintiff's Amended Complaint.

23. Defendant denies any allegation not specifically admitted herein.

24. Defendant denies the Amended Complaint states a valid cause of action and that Plaintiff is entitled to an award of any monetary damages, punitive damages, costs, interest or attorney fees.

**AFFIRMATIVE DEFENSES**

1. Lack of Personal Jurisdiction.

2. Estoppel.

3. Contributory negligence.

4. Comparative negligence.

5. Laches.

6. This matter should be stayed as there is a parallel proceeding pending before the District Court of Harris County, Texas.

7. The Complaint fails to state a claim upon which relief can be granted.

8. Unclean hands.

9. Plaintiff's own breach precludes Plaintiff from recovering.

10. Plaintiff's damages, if any, were caused by the acts or failures to act of Plaintiff or his agents.

11. Defendant at all relevant times acted in good faith and he was privileged to act accordingly.

12. Assumption of risk and caveat emptor.

13. Failure of Consideration.

14. Unavoidable consequences.

15. Waiver.

16. Credit and off-set.

17. Abandonment of rights.

18. Anticipatory Breach of Contract.

19. Plaintiff failed to perform his obligations under the contract.

20. Plaintiff failed to mitigate damages.

21. Plaintiff failed to perform conditions precedent.

22. Defendant Todd K. Johnson hereby reserves his right to assert additional affirmative defenses if future discovery or litigation of this matter reveals that such additional defenses would be appropriate.

# PRAYER

WHEREFORE, Defendant request that:

1. Plaintiff take nothing by this action;

2. A judgment of dismissal be entered in favor of Defendant Todd K. Johnson;

3. Defendant be awarded a reasonable attorneys' fee and costs incurred in defending this action; and,

4. Any further relief as the Court finds just and proper.

Date: March 20, 2006.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Defendant Todd Keith Johnson

By: _____
DAVID G. BANES
CNMI Bar ID No. F0171