MARK K. WILLIAMS, Bar No. F 0222
SMITH & WILLIAMS
Attorneys at Law
P.O. Box 5133 CHRB
Saipan MP 96950
Tel:   233-3334
Fax:  233-3336

Attorneys for Plaintiff

FILED
Clerk
District Court

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALAN STUART MARKOFF, D.D.S. dba TOOTHWORKS and OPEN CHOICE,<br><br>Plaintiff,<br><br>vs.<br><br>TODD KEITH JOHNSON, D.D.S.<br><br>Defendant. | CIVIL ACTION NO. CV-05-0035<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO STAY**<br><br>Date:  April 13, 2006<br>Time:  9:00 a.m. |

## INTRODUCTION

Dr. Johnson moves to stay this action under *Colorado River Water Conservation Dist. v. United States*, 424 US 800, 815, 96 S.Ct. 1236, 1245 (1976). However, in *Colorado River*, the Court counseled the lower federal courts that they have a "virtually unflagging obligation" to exercise the jurisdiction conferred upon them, and that abstention is only appropriate under "exceptional circumstances." *Colorado River, supra*, 424 US at 813, 96 S.Ct. 1244, *see also*, *Quackenbush v. Allstate Ins. Co.* 517 US 706, 716, 116 S.Ct. 1712, 1720-21 (1996). There are no exceptional circumstances that warrant a stay in this case. In fact, under the criteria expressed in *Colorado River*, this <u>is</u> the proper Court to try this case. For these reasons, Dr. Markoff respectfully requests that Defendants' motion to stay be Denied.

## ARGUMENT

There are many factors relevant to a federal court determining whether to stay proceedings, but none is determinative. *Colorado River, supra*, 424 US at 818, 96 S.Ct. at 1247. The decision to abstain rests on a "careful balancing" of these factors as they apply to a case, "with the balance **heavily weighted in favor of exercising jurisdiction.**" *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.* 460 US 1, 103 S.Ct. 927, 937 (1983)(emphasis added). *See also, Wright, Miller & Cooper,* Federal Practice and Procedure Civil 2d at § 4247, pages 152-156 ("[T]here will be **rare cases** in which 'exceptional circumstances' will exist justifying stay or dismissal because of a concurrent state proceeding, but **in most cases neither stay nor dismissal will be proper and the federal court will be obligated to exercise its jurisdiction.**")(emphasis added).

In his motion to stay, Defendant accurately states there are six factors for the Court to consider in determining the merits of a *Colorado River* stay. Motion at 6:1-10. These factors are: 1) whether one of the courts has retained jurisdiction over property (not applicable here); 2) the relative convenience of the forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which the forums obtained jurisdiction; 5) whether state or federal law controls; and 6) whether the state proceeding is adequate to protect the parties' rights.[1] *Colorado River* 424 US at 818. These factors, as expressed in *Colorado River* and it progeny, weigh heavily against staying this action.

1. <u>Saipan Is Not an Inconvenient Forum.</u>

Contrary to Defendants' assertions, the true test is not which forum is most convenient[2], but rather whether the inconvenience of the federal forum is "so great that

---

[1] Dr. Markoff acknowledges that both Court's will adequately protect his rights.

[2] This would be an appropriate consideration under a motion for a change of venue, but not a motion to stay. Furthermore, Dr. Markoff respectfully submits that because the two businesses that give rise to this dispute are both located in Saipan and because many of the resulting witnesses are located in Saipan - this Court is the proper venue for this litigation.

2

abstention is warranted." *Kelly Investment Inc. v. Continental Common Corp.* 315 F.3d 494, 498 (5th Cir. 2002). The inconvenience of witnesses in having to travel to testify in both courthouses is not enough to warrant staying a federal action. *Supra.*

Dr, Johnson lived in Saipan for many years. While here, he owned and operated Toothworks and Take Care Insurance Co. He sold these companies to Dr. Markoff, who now lives in Saipan and manages these companies and provides dental services at Toothworks. It seems rather incongruous for Dr. Johnson to now argue that Saipan is an inconvenient forum for him to litigate the dispute arising from the sale of his two Saipan businesses.

Furthermore, it is Dr. Markoff's contention that the value of the two Saipan businesses were fraudulently overstated. A vast majority of the relevant records are in Saipan. A vast majority of the witnesses are in Saipan. Of the witnesses listed by Defendant, Doug Seibert has recently had several strokes and is in a vegetative state and is consequently unavailable for deposition or court testimony anywhere. *See* Dr. Alan S. Markoff Declaration (Dr. Markoff Dec.) at ¶ 7. One other witness listed by Defendant as being necessary for this case, Progressive Management Consultants from Illinois, is a consulting firm which drafted the original sales contract - which was revised by both parties' respective attorneys. *See* Dr. Markoff Dec. at ¶ 8. Progressive Management Consultants knowledge of the issues in this breach of contract/fraud case will most likely be minimal. Any testimony required from Progressive Management Consultants could easily be handled through video taped deposition.

These facts demonstrate that inconvenience of Saipan is not "so great that abstention is warranted." Instead, the facts demonstrate that Saipan is the only proper forum.

2. <u>The Desirability of Avoiding Piecemeal Litigation Does Not Warrant Abstention In This Case</u>.

The avoidance of piecemeal litigation, an obviously important goal, is not, however, a sufficient reason by itself for a federal court to refuse to exercise its jurisdiction. Rather, abstention is proper "only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *United States v. Morros* 268 F.3d 695, 706-707 (9th Cir. 2001).

As noted in *United States v. Morros*:

> Colorado River does not say that every time it is possible for a state court to obviate the need for federal review by deciding factual issues in a particular way, the federal court should abstain. As the Supreme Court has observed, such a holding would "make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." Rather, Colorado River stands for the proposition that when Congress has passed a law expressing a preference for unified state adjudication, courts should respect that preference. As the Third Circuit astutely observed, "it is evident that the avoidance of piecemeal litigation factor is met, as it was in ... Colorado River itself, only when there is evidence of a strong federal policy that all claims should be tried in the state courts." *Ryan v. Johnson, 115 F.3d 193, 197-98 (3d Cir. 1997)*

*United States v. Morros* at 707.

Obviously, there is no Congressional law expressing a preference that this breach of contract/fraud case be decided by a Texas state court - a jurisdiction which has almost no connection to this dispute. And, contrary to defendant's assertions, the possibility of inconsistent rulings on the same issue does not support abstention because the first-rendered judgment will be *res judicata* in the other proceeding. *Kelly Investment Inc. v. Continental Common Corp., supra,* 315 F.3d at 498.

This case should be tried in the CNMI District Court.

3. <u>The Order in Which the Forums Obtained Jurisdiction is Not Determinative</u>.

Dr. Markoff does not dispute that the Texas case was filed about two months before this action. However, this "priority" factor is not measured exclusively by which

4

complaint was filed first, but rather how much progress has been made in the two actions. *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., supra,* 460 U.S. at 21, 103 S.Ct. at 940.

Dr. Johnson argues that the Texas State Court case has progressed further than this case. This is not true. As Mr. Filteau's affidavit demonstrates, there has only been a complaint, an answer and one single piece of discovery done - a request for a disclosure. *See Filteau* Aff. at ¶ 4. No depositions and no substantive written discovery have been conducted in the Texas action. In comparison, this Court has adjudicated over a lengthy Motion to Dismiss, and Defendant has filed its answer to Dr. Markoff's First Amended Complaint. This Court has calendared a case management conference to be heard on April 13, 2006 - no such action has been taken in the Texas litigation.

Furthermore, any perceived delay in this case is attributable to Dr. Johnson. On December 6, 2005, Dr. Johnson was served with the Summons and Complaint in Oklahoma City. *See* Declaration of Eric S. Smith (Smith Dec.) ¶ 13. Dr. Johnson failed to file a timely answer, which was due on December 26, 2005. On January 06, 2006, Dr. Johnson's counsel asked Eric Smith for the professional courtesy of a 30 day extension in filing a responsive brief to the complaint. *See* Smith Dec. at ¶ 14. In the spirit of cooperation, and in an attempt to negotiate a settlement before time and effort was expended on discovery and motions in the early stages of litigation, Eric Smith agreed that Dr. Johnson's response would be due on January 16, 2006. *See* Smith Dec. at ¶ 15. It should also be noted that Defendant's answer was due on March 16, 2006 but he filed it on March 20, 2006 - four days late. *See* Smith Dec. at ¶ 18. Following his failure to timely answer and his delay tactics in this litigation, Dr. Johnson assertions that the Texas action has proceeded further (which it has not) should be rejected.

5

4.  <u>Whether State or Federal Law Controls Is an Insignificant Issue in this Litigation.</u>

Breach of contract issues generally do not justify Colorado River abstention. *Intel Corp. v. Advanced Micro Devices, Inc.* 12 F.3d 908, 915 (9th Cir. 1993)(The existence of state law issues by itself does not outweigh a federal court's obligation to provide a complete and prompt resolution of all claims, state and federal). The duty of applying the laws of another jurisdiction normally carries only limited weight. *See e.g. Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.*, 145 F.3d 492 (2d Cir. 1998)(Expressed in conducting a similar analysis when presented with a *forum non-conveniens* motion).

In this case, this Court will apply federal procedural law. The breach of contract/fraud issues are not complex, and both parties have access to the internet and have retained Texas counsel if any assistance on a particular issue is needed. The application of Texas law will not be difficult and should not deter this Court from exercising jurisdiction over this case.

5.  <u>Forum Shopping</u>

Interestingly, Dr. Markoff is accused of forum shopping when he filed a litigation in this Court which involves the fraudulent sale of two Saipan businesses. In contrast, Dr. Johnson filed his action in Texas, a forum which has minimal connection to the two Saipan businesses.[3] [4]

---

[3] In their affidavits Mr. Filteau and Mr. Lynes accuse Dr. Markoff of avoiding service in Texas. Without addressing the inaccuracies of these affidavits, it seems suffice to say that noticeably absent from Dr. Johnson's asserted attempts to serve Dr. Markoff in Texas - is any mention whatsoever of any attempt to serve Dr. Markoff in Saipan where he resided and worked 307 days in 2005. Furthermore, Smith & Williams - who communicated with Dr. Johnson well before any complaints were filed - were never asked by Dr. Johnson or his representative to accept service on behalf of Dr. Markoff.

[4] Furthermore, in his motion, Dr. Johnson inaccurately states that "Dr. Markoff filed this action after being served with (sic) Texas County action. *See* Motion at 10:18. This is not true. This action was filed on November 4, 2005, Dr. Markoff was not served with the Texas action until January 11, 2006.

6

1       As earlier discussed, Dr. Johnson attempts to make a big deal out of the fact that the Texas action was filed first. However, the facts demonstrate that over four months prior to filing the Texas action, Dr. Johnson knew that if their dispute was not settled, that Dr. Markoff would be seeking judicial recourse in Saipan. As the declaration of Eric Smith demonstrates, on or about February 10, 2005, Smith & Williams was retained by Dr. Alan Stuart Markoff to represent him in his claims against Dr. Todd K. Johnson. *See* Smith Dec. at ¶ 2. On or about April 15, 2005, Eric Smith sent a letter to Dr. Johnson informing him of Dr. Markoff's claims, stating among other things, that the contents of the financial information he provided to Dr. Markoff for the sale of the dental clinic did not correctly reflect the financial affairs of the business. *See* Smith Dec. at ¶ 3. On or about May 6, 2005, after not hearing from Dr. Johnson, Eric Smith sent the letter to Dr. Johnson's email address. *See* Smith Dec. at ¶ 5. On or about May 23, 2005, Dr. Markoff received a response from Dr. Johnson via email. *See* Smith Dec. at ¶ 7. After May 23, 2005, neither Dr. Markoff or Smith & Williams received any communication from Dr. Johnson. *See* Smith Dec. at ¶ 9. On or about November 4, 2005, Plaintiff decided to file a complaint against Dr. Johnson in this Court. *See* Smith Dec. at ¶ 12. On December 6, 2005, after much difficulty, Dr. Johnson was served with the Summons and Complaint in Oklahoma City. *See* Smith Dec. at ¶ 13.

        This action involves the sale of two businesses located in Saipan (not Texas). Most of the witnesses to this litigation are in Saipan (not Texas). *See* Dr. Markoff Dec. at ¶ 9. Dr. Johnson, a former longtime resident of Saipan, now lives in Oklahoma (not Texas). Dr. Markoff spent 307 days in Saipan (not Texas) while running Toothworks and Take Care Insurance Company. *See* Dr. Markoff Dec. at ¶ 5. Most, if not all, of the records for these two businesses are located in Saipan (not Texas). *See* Dr. Markoff Dec. at ¶ 10. How can Dr. Johnson credibly assert that by filing this litigation in this Court, Dr. Markoff is forum shopping?

7

## CONCLUSION

As demonstrated, this Court is the obvious and proper forum for this litigation. For the purposes of analyzing Defendant's motion to stay, there clearly are no "exceptional circumstances" to deter this Court from fulfilling its "virtually unflagging obligation" to retain jurisdiction over this litigation. Dr. Markoff respectfully submits that Defendant's motion to stay should be Denied.

RESPECTFULLY SUBMITTED.

Dated this 27th day of March, 2006.

_____
MARK K. WILLIAMS
Attorney for Plaintiff