FILED
Clerk
District Court

APR 20 2006

For The Northern Mariana Islands
By_____
       (Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ALAN STUART MARKOFF, D.D.S., ) <br> doing business as TOOTHWORKS ) <br> and OPEN CHOICE, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> TODD KEITH JOHNSON, D.D.S., ) <br> ) <br> Defendant ) <br> _____ ) | Civil Action No. 05-0035 <br><br><br><br><br><br> ORDER GRANTING <br> MOTION TO STAY |

THIS MATTER came before the court on Thursday, April 13, 2006, for hearing of defendant's motion to stay this proceeding. Plaintiff appeared by and through his attorney, Mark K. Williams; defendant appeared by and through his attorney, David G. Banes.

THE COURT, having considered the written and oral arguments of counsel, rules as follows:

AO 72
(Rev. 08/82)

Defendant moves the court to abstain from hearing, and to stay, this proceeding due to a parallel proceeding in Texas state court. For the following reasons, the motion is granted.

Both parties rely on the principles enunciated in <u>Colorado River Water Conser. Dist. v. United States</u>, 424 U.S. 800, 96 S.Ct. 1236 (1976). There, the United States Supreme Court recognized that abstention from the exercise of federal jurisdiction is the exception, and not the rule, and set out guidelines for courts to consider when confronted by abstention issues in the context of parallel state-federal legal proceedings. The Court stated that a district court faced with a situation of state court-district court concurrent jurisdiction could consider: (1) the inconvenience of the federal forum, (2) the desirability of avoiding piecemeal litigation, (3) the order in which jurisdiction was obtained, and (4) considerations of wise judicial administration, giving due regard to conservation of judicial resources and comprehensive disposition of litigation. Later, in <u>Moses H. Cone Memorial Hosp. v. Mercury Const.</u>, 460 U.S. 1, 103 S.Ct. 927 (1983), the Court reiterated that "exceptional circumstances" should be present to justify a stay, and that the district court should carefully balance the abovementioned factors in deciding whether to stay or proceed. *Id.* at 460 U.S. 16.

However, in <u>Colorado River</u> both state law and federal water rights law were implicated and the state and federal court had concurrent jurisdiction. In <u>Moses H.</u>

<u>Cone Memorial Hospital</u>, there were parallel state arbitration and federal Arbitration Act claims. Here, jurisdiction is founded solely on diversity of citizenship and no other federal interests are implicated.

Having weighed the factors set out above, the court finds that abstention is warranted and stays this proceeding. Although the two businesses at issue here are located on Saipan, the appraisal, accounting, and legal work performed was for the most part done in the mainland United States. Most of the negotiations between the parties and/or their representatives were conducted on the mainland, primarily in Texas. Significantly, the parties agreed in their contract of sale that any disputes would be resolved using Texas state law. The Texas state court proceeding was filed before the lawsuit in this court was filed.[1] Both parties have Texas counsel. In the initial complaint, plaintiff stated he was a resident of Houston, Texas, and in the first amended complaint states he is a domiciliary of the State of Texas. Most of the potential witnesses are on the mainland, as are most of the records relating to the sale of the dental practice. Travel and accommodation costs would be significantly greater for parties and witnesses to travel to Saipan, rather than Texas.

Given all these factors, the court concludes that the Northern Mariana

---

[1] This court was unaware of the Texas state court proceeding until defendant filed his motion for stay on March 17, 2006.

AO 72
(Rev. 08/82)

3

Islands is a more inconvenient forum to most of the participants in this litigation than the Texas state court. Further, to proceed would certainly result in piecemeal litigation. Given the lack of a strong federal stake in this litigation, the court concludes that wise judicial administration counsels staying this matter in that there is no reason to believe that the Texas court cannot render a full and fair decision on all matters in dispute.

If the parties stipulate to waive the statute of limitations, it would be the court's preference to dismiss this matter without prejudice.

IT IS SO ORDERED.

DATED this 20th day of April, 2006.

_____
ALEX R. MUNSON
Judge